■ In the Matter of NEW YORK CITY DEPARTMENT OF SOCIAL

SERVICES, on Behalf of ANNA MARIE A. and Another, Respondent, v ELENA A. et al., Appellants. [599 NYS2d 66] —In a child protective proceeding pursuant to Family Court Act article 10, the father and mother separately appeal from an order of the Family Court, Queens County (Schindler, J.), dated March 8, 1991, which, after a hearing, placed Anna Marie A. and Juliana A. in the custody of the petitioner for 12 months, and directed that visitation with the children be supervised, based upon findings that the father was guilty of sexual abuse, and the mother was guilty of neglect.

Ordered that the order is affirmed, without costs or disbursements.

The determination by the Family Court that the appellant father had sexually abused his daughter Anna Marie is supported by a preponderance of the evidence (see, Family Ct Act § 1046 [b]; Matter of Nicole V., 71 NY2d 112, 117; Matter of Tammie Z., 66 NY2d 1). The petitioner presented a prima facie showing of abuse. The child's out-of-court statements to a physician and to a social worker were sufficiently corroborated by medical evidence (see, Matter of Cleo K-H., 172 AD2d 524, appeal dismissed 78 NY2d 941, cert denied sub nom. Kim-Hye Chung v New York City Dept. of Social Servs., — US — , 112 S Ct 894; Matter of Jesse S., 152 AD2d 581; Family Ct Act § 1046 [a] [vi]). Additionally, the father failed to come forward with satisfactory evidence to rebut the petitioner's case (see, Matter of Jesse S., supra; Matter of Jacinta J., 140 AD2d 990, 991). Therefore, where, as here, the hearing court was confronted primarily with issues of credibility, its factual findings must be accorded great weight (see, Matter of Cleo K-H., supra; Matter of Sheila L., 141 AD2d 730, 731). On this record, we find no basis upon which to disturb the court's disposition of the issues.

Moreover, the petitioner met its burden of establishing by a preponderance of the evidence that the appellant mother was guilty of neglect (see, Family Ct Act § 1012 [f] [i] [B]). A reasonably prudent parent would have observed the signs of sexual abuse, including Anna Marie's external vaginal injuries, and taken action to protect her children from further abuse. While the record does not support a finding of actual knowledge, the mother was guilty of neglect in that she should have known that Anna Marie and her other children were in the imminent danger of being subject to sexual abuse (see, Matter of Jose Y., 177 AD2d 580, 581).

Although the Family Court failed to meet the requirement

of Family Court Act § 1051 (a) which provides that the Family Court "shall state the grounds for the finding" of abuse or neglect, this Court can, in order to save judicial time and avoid multiplicity of litigation, make the finding that the Family Court should have made (see, Matter of Nassau County Dept. of Social Servs. v Steven K., 176 AD2d 326, 329). Accordingly, we find, based on Dr. Diane Greenfield's testimony that Anna Marie suffered from external vaginal injuries, including a fissure on her labia majora, and inflammation of the vaginal area, that the petitioner proved by a preponderance of the evidence that the mother was guilty of neglect, since she knew or should have known of those injuries, and failed to take action to protect her children.

We see no reason to disturb the Family Court's dispositional order which placed the appellants' daughters with the New York City Commissioner of Social Services for 12 months and directed supervised visitations by the appellants. We find that supervised visitation was appropriate under the circumstances of this case.

The appellants' remaining contentions are without merit. Bracken, J. P., Balletta, Rosenblatt and Miller, JJ., concur.