■ In the Matter of ESTHER CC., Alleged to be an Abused Child. SARAH E. COMBS, as Deputy Commissioner of the Warren County Department of Social Services, Respondent; JOSEPH CC., Appellant. [598 NYS2d 871] —Levine, J. Appeals (1) from an order of the Family Court of Warren County (Austin, J.), entered February 5, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be abused, and (2) from an order of said court, entered February 5, 1992, which prohibits respondent from having any contact with said child.

Respondent was found by Family Court to have sexually abused his daughter, Esther CC., born in 1982. Esther first

disclosed this to her mother in June 1989, complaining of pain in her vagina and rectum and describing that respondent had penetrated her there with his penis. Some two weeks later, her mother brought Esther to Susan McPhillips, a psychiatrist, to whom Esther repeated her story of sexual abuse by respondent. Susan McPhillips had the child draw a picture of what happened and describe what was depicted. She also performed a formal mental status examination on Esther. She then referred Esther to John McPhillips, a pediatrician, to perform a physical examination. John McPhillips found that Esther's hymen was perforated, with multiple tears, including injury to the posterior wall of the hymen, all of which suggested penile penetration consistent with Esther's narration. After a second interview with Esther, Susan McPhillips reported the case to the local child protective service as an incident of child sexual abuse.

Petitioner commenced this Family Court Act article 10 proceeding in July 1989, alleging that Esther was sexually abused by respondent and was neglected by her mother, who delayed for over a month to report the abuse to the proper authorities. At the conclusion of the fact-finding hearing, Family Court found that Esther was sexually abused by respondent and that the mother's delay in notifying the authorities did not constitute neglect. After a dispositional hearing, Family Court issued a dispositional order and an order of protection prohibiting respondent from having any contact with Esther until her 18th birthday. Respondent appeals.

Respondent's first point on appeal is that there was insufficient credible evidence adduced at the fact-finding hearing to sustain Family Court's finding that respondent had sexually abused Esther. We disagree. Esther's out-of-court statements of respondent's sexual abuse, admissible under Family Court Act § 1046 (a) (vi), made to her mother and various physicians and other professionals involved in the case, were consistent in all material respects. She also gave consistent in camera unsworn testimony. Susan McPhillips and Pamela Langelier, a clinical psychologist and nationally recognized expert on validating techniques for child sexual abuse complaints, both opined that Esther had not been programmed by her mother into making a false accusation and that her statements were valid. Additionally, two pediatricians and one gynecologist testified that the nature and extent of the injuries to Esther's hymen found upon their examinations could not have resulted from any normal activity of a child, were caused by penetra-

tion by a penis or a penis-sized and shaped object, and were completely consistent with her statements of being sexually abused by respondent. The validation expert testimony alone was sufficient corroboration of Esther's hearsay statements to sustain Family Court's finding of sexual abuse by respondent (see, Matter of Nichole V., 71 NY2d 112, 121). The findings and opinions of the physicians who testified concerning their physical examinations of Esther also constituted persuasive corroborating evidence (see, Matter of Estina W., 181 AD2d 554; Matter of Laura W., 160 AD2d 585, lv denied 76 NY2d 706).

Respondent's evidence in opposition to the foregoing proof of sexual abuse consisted of his own testimony denying any misconduct against Esther, the testimony of a pediatrician to rebut the opinion of petitioner's medical experts, and of a psychologist to rebut petitioner's validation evidence. Respondent's experts did not personally interview or examine Esther. Family Court's superior vantage point to determine the credibility of witnesses is entitled to deference by an appellate court, and this includes Family Court's assessment of conflicting expert testimony (see, Matter of Swift v Swift, 162 AD2d 784, 785-786; Matter of Nichole V., 123 AD2d 97, 109, affd 71 NY2d 112, supra). We find no basis in the record to disturb Family Court's resolution of such credibility issues here.

Respondent's remaining point is that Family Court's order of protection prohibiting him from having any contact with Esther until her 18th birthday is harsh and unfair and, in effect, terminates his parental rights without applying a constitutionally mandated clear and convincing standard of proof. We are unpersuaded by this contention. Family Court's order expressly reserves the discretion to modify the order if it is in Esther's best interest, based in part upon respondent's successful completion of a course of treatment for sexual offenders, his willingness to acknowledge the validity of Esther's accusations and feelings, and to apologize to her for his conduct. The record suggests that the foregoing terms of the order of protection were derived from the recommendations of Esther's psychotherapist. By its own language, the order of protection does not permanently terminate respondent's right to contact with his daughter, but gives respondent the opportunity to regain contact after successfully undergoing a course of therapy. It was not an abuse of discretion for Family Court to issue an order of protection containing an indefinite suspension of visitation rights, subject to being restored upon fulfillment of the conditions set forth therein (see, Matter of Nassau

*County Dept. of Social Servs. v Denise S.,* 173 AD2d 830, 831; *Matter of Erin G.,* 139 AD2d 737, 739; *see also, Matter of Le Favour v Koch,* 124 AD2d 903, 905, *lv denied* 69 NY2d 605).

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the orders are affirmed, without costs.