■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, on Behalf of JOANNE W., et al., Respondent, v EDYTH W., Appellant. [620 NYS2d 402] —In a child neglect proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of disposition of the Family Court, Queens County (Clark, J.), dated February 19, 1992, as was predicated upon a fact-finding order of the same court dated October 7, 1991, which, after a fact-finding hearing, made an affirmative finding of neglect against her.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

Family Court Act § 1046 (a) (vi) permits evidence of "previous statements made by the child relating to any allegations of abuse or neglect" to be admitted in court if they are corroborated by "[a]ny other evidence tending to support" the reliability of the statements, in order to present a prima facie case. New York courts have held that a validators' testimony is an acceptable form of expert testimony to corroborate the out-of-court statements of infant victims of child abuse *(see, Matter of Nicole V.,* 71 NY2d 112, 121; *see also, Matter of Linda K.,* 132 AD2d 149). Contrary to the mother's contention, the Family Court properly relied upon the testimony of a

validator which corroborated the out-of-court statements of Joanne W. that the mother's live-in boyfriend had touched her inappropriately while they were in the park. Moreover, the validator reported that the child had reenacted the sexual abuse incident with dolls, thus providing further corroborative evidence (see, Matter of Nassau County Dept. of Social Servs. [Erika K.] v Steven K., 176 AD2d 326, 328; see also, Matter of Dutchess County Dept. of Social Servs. [Kerri K.], 135 AD2d 631, 633).

Moreover, Family Court Act § 1038 (c) provides that in determining a motion to appoint a second validator, the court must consider the needs of the parental guardian for an examination to assist in the preparation of his or her case, against the potential harm the child might suffer as a result of the second examination (see also, Matter of Jessica R., 78 NY2d 1031, 1033). The mother failed to show that the original validator was biased or unqualified or that she was unable to prepare her case without the additional examination. On the other hand, there was evidence before the court that the child suffered from post-traumatic stress syndrome and was too fragile to be subject to further questioning. Thus, it was not an improvident exercise of discretion for the court to deny the mother's motion.

Since the record indicated that the mother failed to prevent further contact between Joanne W. and the boyfriend after she had become aware of the alleged abuse, after she had been told by the validator that the child had definitely been subjected to some form of sexual abuse, and after she had been warned by a case worker that the boyfriend must be excluded from the home, the court correctly determined that the mother was guilty of neglect (see, Family Ct Act § 1012 [f] [i]; cf., Matter of Desiree X., 129 AD2d 841). Moreover, because the mother had shown that her desire to keep the boyfriend in the house was greater than her concern for her youngest child's emotional and physical welfare, the court was correct in its determination of derivative neglect with regard to the older male sibling (see, Matter of Dutchess County Dept. of Social Servs. [Douglas E., III], 191 AD2d 694; see also, Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M., 188 AD2d 603, affd as mod 83 NY2d 178). Lawrence, J. P., Santucci, Altman and Goldstein, JJ., concur.