■ In the Matter of CHRISTOPHER O. and Others, Children Alleged to be Abused and Neglected. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; AARON P., Appellant. [621 NYS2d 759] —Casey, J. Appeal from an order of the Family Court of Schenectady County (Griset, J.), entered August 18, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be abused and neglected, and issued an order of protection.

As found by Family Court, there is ample evidence in the record to support a finding that respondent sexually abused three of his daughters and that all four of his daughters are abused and neglected children within the meaning of Family Court Act § 1012 (e) and (f). Respondent does not dispute this finding as to three of his daughters, but contends that Family Court erred in applying the evidence of abuse and neglect of the three children to the other three children. Pursuant to Family Court Act § 1046 (a) (i), proof of the abuse or neglect of one child is admissible evidence on the issue of abuse or neglect of any other child. Standing alone, such evidence does not necessarily establish a prima facie case but may, in appropriate circumstances, be sufficient to support findings of abuse and/or neglect (see, Matter of Cruz, 121 AD2d 901, 902-903). In this case, we conclude that proof of respondent's abuse and neglect of three of his daughters is sufficient, considering the other evidence in the record, to support the finding of abuse and neglect as to the fourth daughter (see, Matter of Rachel G., 185 AD2d 382, 383). As to respondent's two sons, however, we conclude that in the absence of any other evidence of respondent's abuse of his sons, sexual or otherwise, the finding that the two boys are abused cannot be sustained (see, Matter of Anita U., 185 AD2d 378, 380; Matter of Starr H., 156 AD2d 1025, 1026). Nevertheless, the evidence of respondent's abuse and neglect of his other children is sufficient to support the finding that the two boys are neglected (see, Matter of Anita U., supra, at 380-381).

Respondent contends that the protective order, which was incorporated in the order on appeal, effectively precludes him from having any contact with his children until they reach the age of majority. According to respondent, the terms of the protective order are punitive and overly harsh. Family Court clearly had the authority to issue the protective order (Family Ct Act § 1056). Considering the nature of respondent's conduct with his daughters and the relief available to him pursuant to Family Court Act § 1061, we see no abuse of discretion insofar as the daughters are concerned (see, Matter of Erin G., 139 AD2d 737, 739-740). As to respondent's two sons, however, the order of protection was based at least in part upon the finding that the two boys are abused. Having concluded that the evidence is insufficient to support such a finding, we are of the view that the appropriate remedy is to remit the matter to Family Court for the purpose of reconsidering the terms of the protective order insofar as it applies to the two boys. In particular, Family Court must determine whether the full

extent of the protective order is necessary to protect the boys' interests, with appropriate findings supported by evidence in the record.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as found Christopher O. and Jaron P. to be abused; matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.