■ In the Matter of RACIELLI C. ONEIDA Q. et al., Appellants. (Proceeding No. 1.) In the Matter of HANAMEEL C. ONEIDA Q. et al., Appellants. (Proceeding No. 2.) In the Matter of ARODI C. ONEIDA Q. et al., Appellants. (Proceeding No. 3.) [626 NYS2d 538] —In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from three dispositional orders of the Family Court, Queens County (Gage, J.), all dated June 9, 1993, which, upon three fact-finding orders of the same court, all dated February 22, 1993, found that Racielli C. was an abused and neglected child, and that Arodi C. and Hanameel C. were neglected children, and the mother appeals, as limited by her brief, from so much of the dispositional order entered June 9, 1993, in connection with the proceeding entitled *Matter of Racielli C.* (Docket No. N-4317/92), as is entered upon a fact-finding order of the same court, dated February 22, 1993, finding that she had neglected Racielli C. The appeals bring up for review the fact-finding orders dated February 22, 1993.

Ordered that the fact-finding order entered in the proceeding entitled *Matter of Racielli C.* (Docket No. N-4317/92), which found that Oneida Q. had neglected Racielli C., is reversed and so much of the petition as charged Oneida Q. with neglect is dismissed; and it is further,

Ordered that the dispositional orders are affirmed, without costs or disbursements.

The determination of the Family Court that the appellant father had sexually abused his daughter is supported by a preponderance of the evidence *(see,* Family Ct Act § 1046 [b]; *Matter of Nicole V.,* 71 NY2d 112, 117). The petitioner presented a prima facie showing of abuse. The child's out of court statements to her mother, a physician, and a social worker, were sufficiently corroborated by, *inter alia,* her reenactment of the sexual abuse incident with dolls *(see, Matter of Commissioner of Social Services [Joanne W.] v Edyth W.,* 210 AD2d 328; *see also, Matter of Nassau County Dept. of Social Servs. [Erika K.] v Steven K.,* 176 AD2d 326, 328). Additionally, the father failed to come forward with satisfactory evidence to rebut the petitioner's case *(see, Matter of New York City Dept. of Social Servs. [Anna Marie A.] v Elena A.,* 194 AD2d 608). Therefore, where, as here, the hearing court was confronted primarily with issues of credibility, its factual findings must be accorded great weight *(see, Matter of New York City Dept. of Social Servs. [Anna Marie A.] v Elena A., supra,* at 609). On this record, we find no basis upon which to disturb the court's resolution of this issue.

We find, however, that the petitioner failed to meet its burden of establishing by a preponderance of the evidence that the appellant mother was guilty of neglect in connection with Racielli C. *(see,* Family Ct Act § 1012 [f] [i] [B]). The record does not support a finding that the mother knew or should have known that her daughter was in imminent danger of being subject to sexual abuse *(see, Matter of Jose Y.,* 177 AD2d 580; *see also, Matter of New York City Dept. of Social Servs. [Anna Marie A.] v Elena A.,* 194 AD2d 608, *supra).*

We have examined the appellants' remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, O'Brien and Hart, JJ., concur.