■ In the Matter of JOSEPHINE G. and Another, Children Alleged to be Abused. NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, Respondent; PATSY G., Respondent; GLENN G., SR., Appellant. [630 NYS2d 348] —In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from a dispositional order of the Family Court, Kings County (Schechter, J.), dated July 31, 1992, which, upon a fact-finding order of the same court, dated May 4, 1992, *inter alia,* found that he had sexually abused Josephine G. and Glenn G., Jr., placed the children in the custody of the Commissioner of Social Services for a period of six months, and denied him visitation with the children until further order of the court. The appeal brings up for review so much of the fact-finding order dated May 4, 1992, as found that the appellant had sexually abused his children.

Ordered that the dispositional order is affirmed, without costs or disbursements.

The determination by the Family Court that the appellant father had sexually abused his children is supported by a preponderance of the evidence *(see,* Family Ct Act § 1046 [b]; *Matter of Nicole V.,* 71 NY2d 112, 117). The children's out of court statements to several psychologists and social workers were sufficiently corroborated by, *inter alia,* the daughter's use of dolls to reenact the sexual abuse incident *(see, Matter of Racielli C.,* 215 AD2d 477; *Matter of Commissioner of Social Servs. of City of N. Y. v Edyth W.,* 210 AD2d 328; *see also, Matter of Nassau County Dept. of Social Servs. v Steven K.,* 176 AD2d 326, 328). Additionally, the appellant failed to come forward with satisfactory evidence to rebut the petitioner's case *(see, Matter of New York City Dept. of Social Servs. v Elena*

*A.,* 194 AD2d 608). Therefore, where, as here, the hearing court was confronted primarily with issues of credibility, its factual findings must be accorded great weight *(see, Matter of New York City Dept. of Social Servs. v Elena A., supra,* at 609). On this record, we find no basis upon which to disturb the court's resolution of this issue.

The expiration of the placement of the children with the petitioner and the return of the children to their mother's custody has rendered the appellant's remaining contentions with respect to the dispositional order academic. Rosenblatt, J. P., Ritter, Copertino and Hart, JJ., concur.