■ In the Matter of SHAUN X., a Child Alleged to be Abused and Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN X., Appellant. [643 NYS2d 703] —Spain, J.

Respondent is the father of Shaun X. (born in 1986). Respondent and the child's mother were married in 1985, separated in early 1989 and divorced in June 1990. After their separation, respondent visited with the child regularly and often acted as babysitter while the mother worked. In October 1990, the child's mother reported to petitioner that respondent was touching the child's private parts and petitioner commenced an investigation; however, no further action was taken at that time. In early 1991, respondent requested resumption of visitation. The mother, aware of respondent's conviction in Cortland County in April 1991 for sexual misconduct involving his nine-year-old niece, sought an order of protection from Family Court. In June 1991, Family Court granted respondent limited

supervised visitation and in April 1993 an order of protection was granted at the request of the mother. In February 1994, petitioner filed the instant petition alleging that respondent abused and neglected the child.* After a fact-finding hearing, Family Court sustained the allegations in the petition. Following a dispositional hearing, Family Court issued a dispositional order and an order of protection which directed that respondent complete "sex offender-specific counseling" and prohibited respondent from having any contact with the child until the child's 18th birthday. Respondent appeals.

We affirm. Initially, we reject respondent's contention that Family Court erred in failing to order petitioner to make diligent efforts to strengthen and encourage the parental relationship prior to finding the child to be permanently neglected. The instant petition was brought pursuant to Family Court Act article 10; therefore, the requirements of Social Services Law § 384-b are not applicable.

Next, we also reject respondent's contention that Family Court's finding is not supported by the record. A finding of abuse and neglect must be based upon a preponderance of the evidence (*see, Matter of Julissa II.*, 217 AD2d 743; *Matter of Jacinta J.*, 140 AD2d 990, 991; *see also*, Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1). In a child protective proceeding, unsworn out-of-court statements made by a child are admissible if they are corroborated by any evidence tending to support their reliability (*see*, Family Ct Act § 1046 [a] [vi]; *see also, Matter of Nicole V.*, 71 NY2d 112, 117; *Matter of Karl L.*, 224 AD2d 841, 842-843). At the fact-finding hearing, the mother testified that in October 1990 her son told her that respondent was touching his private parts. The mother also stated that she witnessed her son pull down his pants and use his "private parts" to play with a doll; when questioned as to where he learned this, the child stated from respondent. She further testified that she reported all of this to petitioner.

Additional testimony by a certified social worker, who was counseling the child on referral because of aggressive behavior, indicated that the child curled up into a fetal position, sucked his thumb, whimpered and acted very frightened when respondent's name was mentioned during therapy sessions. The social worker also testified that the child was fearful of re-

---

* Petitioner asserts that the delay in bringing this petition was because (1) respondent and the mother had separated, and (2) an order of protection was in effect. Accordingly, petitioner did not believe that it was necessary to act upon the mother's disclosure until 1993 when respondent asked to be allowed to resume visitation with the child.

spondent and that the child told her that respondent touched his private parts; she concluded that the child's intrusiveness, aggressive behavior and display of anxiety are characteristics which are typically associated with sexually abused children. A psychologist who evaluated the child testified that the child displayed a preoccupation with sexuality, exhibited intrusive behavior and was reluctant to discuss respondent; she concluded that the child had been sexually abused by respondent. Respondent testified on his own behalf and denied the allegations set forth in the petition. Affording Family Court the deference it is entitled to in its assessment of the credibility of witnesses (see, Matter of Esther CC., 194 AD2d 949, 951), we will not disturb a finding of abuse and neglect when, as here, it is fully supported by a preponderance of the evidence (see, supra, at 951; Matter of Scott X., 184 AD2d 866, 867).

Respondent's contention that Family Court's order of protection, which prohibited him from having any contact with the child until the child's 18th birthday, is tantamount to a finding of permanent neglect warrants further analysis. It is fundamental that Family Court, upon a finding of abuse or neglect, may issue an order of protection "for any period of time up to the child's eighteenth birthday and upon such conditions as the court deems necessary and proper to protect the health and safety of the child" (Family Ct Act § 1056 [4]).

Here, the order of disposition directs that "respondent complete sex offender-specific counseling" and, further, directs that "an [o]rder of [p]rotection shall issue concurrently herewith under the terms of which the respondent shall have no contact of any kind with the * * * child until the child is eighteen (18) years of age". It is our view that Family Court's directive that respondent complete counseling is an implicit condition precedent to any future application by respondent seeking modification of the order of protection. Further, given the risks associated with a resumption of contact, the child's expressed desire not to resume visitation and respondent's admitted failure to complete court-ordered counseling in the past, the issuance of an extended order of protection (see, Matter of Christopher O., 211 AD2d 980, 981; Matter of Elizabeth R., 168 AD2d 388) and the requirement that respondent complete counseling (see, Matter of Charlene TT., 217 AD2d 274, 277) are reasonable (see, Matter of Richard SS., 87 AD2d 915, 916) and not an abuse of discretion.

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.