■ In the Matter of LINDA P., Appellant, v THOMAS P., Respondent. [659 NYS2d 55] —In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Dutchess County (Brands, J.), entered July 18, 1995, which denied that branch of her petition which was to suspend all visitation between the father

and the child of the parties, or, in the alternative, for all visitation to be supervised, and granted only in part the branch of her petition which was for sole custody.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petition is granted, and the matter is remitted to the Family Court, Dutchess County, for further proceedings in accordance herewith.

The mother commenced the instant proceeding alleging that reports by the parties' child of sexual abuse by the father constituted a sufficient change in circumstances to warrant modification of a previous custody and visitation order, wherein the father had joint custody with unsupervised daytime visitation, and supervised evening and night visitation with the child on alternate weekends. A hearing was held at which the parties, the child's therapist, physician, and two caseworkers testified. The court declined to interview the child. The court held that the evidence demonstrated that the father's actions, particularly in dealing with the child's wetting problems were inappropriate, and granted the mother the right to make "all decisions regarding the medical and psychological" issues regarding the child. In all other respects, the parties were to continue to share joint custody.

The Family Court erred in finding insufficient evidence of sexual abuse to support a change in custody and visitation. While this is a custody/visitation modification proceeding and not an abuse or neglect proceeding, because modification of an earlier order of joint custody was sought on ground of abuse, the corroboration requirements of Family Court Act § 1046 (a) (vi) are applicable (*see, Matter of Tracy V. v Donald W.*, 220 AD2d 888; *Matter of Daniel R. v Noel R.*, 195 AD2d 704). Family Court Act § 1046 (a) (vi) permits evidence of "previous statements made by the child relating to any allegations of abuse or neglect" to be admitted in court if they are corroborated by "[a]ny other evidence tending to support" the reliability of the statements, in order to present a prima facie case (*see, Matter of Nicole V.*, 71 NY2d 112; *Matter of Commissioner of Social Servs. of City of N. Y. [Joanne W.] v Edyth W.*, 210 AD2d 328). Upon review, the child's out-of-court statements identifying his father as his abuser, and describing the acts committed by the father, were sufficiently corroborated by, *inter alia*, the child's reenactment of the sexual abuse incidents with anatomically correct dolls (*see, Matter of Josephine G.*, 218 AD2d 656; *Matter of Commissioner of Social Servs. of City of N. Y. [Joanne W.] v Edyth W., supra*). Testimony further established that the child suffered from constant wetting, nightmares, and fear of the

father. The foregoing, combined with the expert's opinion that the child had been sexually abused by the father, provided further corroboration (*see, Matter of Nicole V., supra*). Accordingly, the mother is awarded sole custody of the child, and the matter is remitted to the Family Court to establish an appropriate schedule of supervised visitation between the father and the child along with such other conditions as it may deem appropriate. Bracken, J. P., Thompson, Krausman and Florio, JJ., concur.