■ In the Matter of VICTORIA H., and Another, Children Alleged to be Abused and Neglected. GARY H., Appellant; COMMISSIONER OF SOCIAL SERVICES, Respondent. [680 NYS2d 577] —In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from (1) a fact-finding order of the Family Court, Queens County (Elkins, J.), dated February 7, 1997, which found that his children Victoria H. and Danielle H. were abused and neglected by him, (2) two orders of disposition of the same court (Bogacz, J.), both dated August 25, 1997 (one as to each child), which, *inter alia,* directed him to complete a sex offense program, (3) four orders of disposition of the same court (Bogacz, J.), all dated August 25, 1997, which released the children to the care of the nonparty mother, and (4) an order of protection of the same court (Bogacz, J.), dated August 25, 1997, which directed the father to have no contact with either child until they reached the age of 21 years unless approved by the children's therapist.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the orders of disposition; and it is further,

Ordered that the orders of disposition dated August 25, 1997, are affirmed, without costs or disbursements; and it is further,

Ordered that the order of protection dated August 25, 1997, is modified, on the law, by deleting therefrom the words "until age 21" and substituting therefor the words "until age 18"; as so modified, that order of protection is affirmed, without costs or disbursements.

The determination by the Family Court that the appellant father had sexually abused Victoria H. and Danielle H. is supported by a preponderance of the evidence (*see,* Family Ct Act § 1046 [b]; *Matter of Tammie Z.,* 66 NY2d 1). The children's out-of-court statements corroborated each other (*see, Matter of Francis Charles W., Jr.,* 71 NY2d 112; *Matter of Latisha W.,* 221 AD2d 645). Their statements were further corroborated by, *inter alia,* Victoria's reenactment of the sexual abuse incidents with anatomically correct dolls (*see, Matter of Linda P. v Thomas P.,* 240 AD2d 583; *Matter of Ashley M.,* 235 AD2d 858; *Matter of Nassau County Dept. of Social Servs. [Laura C.],* 232 AD2d 635; *Matter of Josephine G.,* 218 AD2d 656), testimony that both girls had age-inappropriate knowledge of sexual matters (*see, Matter of J.S.,* 215 AD2d 213; *Matter of Erick R.,* 166 AD2d 161), and testimony that both girls had engaged in behavior typical of abused children (*see, Matter of Linda P. v Thomas P., supra*). The abuse of Danielle H. was also corroborated by medical evidence. We further note that the finding of abuse as to each child justified a finding of derivative neglect as to each child (*see, Matter of Child Protective Servs. [Darnell Mc.],* 230 AD2d 733).

The court did not improvidently exercise its discretion in prohibiting the appellant from having contact with the children unless approved by the children's therapist (*see,* Family Ct Act § 1082 [4]; *see also, Matter of Fatima H.,* 226 AD2d 376; *cf., Matter of Hughes v Wiegman,* 150 AD2d 449). However, the order of protection was improperly extended until the children reached the age of 21 (*see,* Family Ct Act § 1056 [4]; *Matter of Commissioner of Social Servs. [Kanisha W.],* 233 AD2d 325).

The appellant's remaining contentions are without merit. Miller, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.