■■■ In the Matter of CAYUGA COUNTY HEALTH AND HUMAN SERVICES, on Behalf of JENNIFER M., Respondent, v DENNIS E.M., Appellant. [756 NYS2d 690] —Appeal from a second amended order of Family Court, Cayuga County (Corning, J.), entered January 15, 2002, which prohibited respondent from having any contact with his daughter until February 13, 2011.

It is hereby ordered that the second amended order so appealed from be and the same hereby is unanimously reversed on the law without costs, the amended order is vacated and the matter is remitted to Family Court, Cayuga County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to article 10 of the Family Ct

Act, respondent admitted that he had sexually abused his daughter, and Family Court thereupon granted an order finding respondent's daughter to be an abused child under Family Ct Act § 1012 (e) (iii). Pursuant to Family Ct Act § 1056 (1), "[t]he court may make an order of protection in assistance * * * of any other order made under * * * part [5]" of article 10 of the Family Ct Act, and such order "shall expire no later than the expiration date of" the underlying order in the abuse proceeding "except as provided in subdivision four of this section." Respondent contends that, pursuant to subdivision (4), orders of protection entered pursuant thereto cannot extend beyond the child's 18th birthday. However, by its terms, that subdivision does not apply to respondent. Subdivision (4) applies to a person "who is no longer a member of such household at the time of the disposition and *who is not related by blood or marriage to the child* or a member of the child's household" (emphasis added). Here, respondent is the biological father of the child and was married to her mother. Thus, this matter is governed by subdivision (1).

Respondent also contends that, whatever duration the court orally specified, the original order of protection expired on September 18, 1999. Granting the two amended orders extending the duration of protection for the child until February 2011 amounted to a modification of the original order and not merely a ministerial correction (*see generally* Siegel, NY Prac § 420, at 683-684 [3d ed]). Thus, the amended orders should not have been granted without notice to respondent and an opportunity to be heard (*see* Family Ct Act § 1061). We therefore reverse the second amended order of protection, vacate the amended order of protection and remit the matter to Family Court, Cayuga County, for further proceedings in accordance with our decision herein. Present—Pigott, Jr., P.J., Green, Pine, Gorski and Hayes, JJ.