Matter of Gabriel A. (2004 NY Slip Op 24336)

Matter of Gabriel A.

2004 NY Slip Op 24336 [5 Misc 3d 479]

September 3, 2004

Family Court, Queens County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, December 1, 2004

[*1]
In the Matter of Gabriel A., a Child Adjudicated to be Severely Abused. Umar A. et al., Respondents.
Family Court, Queens County, September 3, 2004

APPEARANCES OF COUNSEL

Michael A. Cardozo, Corporation Counsel (Joseph Cardieri and Dawn Shammas of counsel), for petitioner. Ade Fasanya for Umar A., respondent. Austin I. Idehen for Rachel A., respondent. Legal Aid Society (Margaret Browne of counsel), Law Guardian.

OPINION OF THE COURT

Edwina G. Richardson, J.
Before the court were allegations brought by the petitioner, the Commissioner of the Administration for Children's Services, under article 10 of the Family Court Act that Gabriel A. (hereinafter, the subject child), born May 8, 2001, was abused by Umar A. (hereinafter, the respondent father) and Rachel A. (hereinafter, the respondent mother). The petition was filed on August 22, 2003. An amended petition, filed on September 5, 2003, alleges that the subject child is an abused child in that his brother, Christopher A., age six months, died from fatal child abuse syndrome with acute whiplash shaking; that the respondents "have failed to provide an explanation which would explain the serious nature of the injuries"; and that "due to the abuse of the child Christopher A., [the subject child] Gabriel A. is an abused child or in danger of becoming same." Upon the filing of the petition, this court issued a temporary order of protection requiring the respondent father to stay away from the subject child except for agency supervised visits.
On October 2, 2003, the petitioner sought an order paroling the subject child to the respondent mother based upon information indicating that the injuries to the subject child's sibling, Christopher A., were inflicted by the respondent father alone. This court granted that request and issued a temporary order of protection prohibiting the respondent father from having any contact at all with the subject child. That order remains in effect to date.
After a fact-finding hearing held on February 2 and February 10, 2004, this court found, pursuant to Family Court Act § 1051 (e), that the subject child was an abused child within the meaning of Family Court Act § 1012 (e) and made an additional finding, by clear and convincing evidence, that the subject child was severely abused within the meaning of Social Services Law § 384-b (8) (a) (iii) (A).
On February 23, 2004, the petitioner made the instant motion, requesting: (a) an order pursuant to Family Court Act § 1039-b that the Administration for Children's Services is no longer required to make efforts to reunite the respondent father with the subject child or provide services to him, and (b) a final order of protection directing that the respondent father have no contact with the subject child until the subject child's 18th birthday. On August 23, 2004, the Administration for Children's Services withdrew its request for an order pursuant to Family Court Act § 1039-b.
With respect to the second part of the petitioner's motion, the request for a no-contact order of protection against the respondent father until the subject child's 18th birthday, the request is denied for the following reasons.
Orders of protection under Family Court Act article 10 are governed by Family Court Act § 1056 (1) which states, in relevant part,
[*2]
"[t]he court may make an order of protection in assistance or as a condition of any other order made under this part. Such order of protection shall remain in effect concurrently with, shall expire no later than the expiration date of, and may be extended concurrently with, such other order made under this part . . . ."
This court notes that the language "this part" refers to part 5 of article 10 of the Family Court Act. All orders authorized under part 5 of article 10 of the Family Court Act are dispositional orders and all are limited in duration to a period of one year. (See Family Ct Act § 1053 [b]; § 1054 [b]; § 1055 [b] [i]; § 1057.)
The subject child is three years old. An order of protection lasting until the subject child's 18th birthday would be in effect for a period of almost 15 years—well beyond the statutorily authorized one-year duration of any other dispositional order in this case. Therefore, under the plain language of Family Court Act § 1056 (1), an order of protection for the duration requested by the petitioner may not be granted.
The petitioner argues that despite the language of Family Court Act § 1056 (1), several Appellate Division cases provide authority for an extended order of protection.
The petitioner cites Matter of Erin G. (Matter of Patrick O. in the petitioner's affirmation) (139 AD2d 737 [2d Dept 1988]) in support of its position. In Matter of Erin G., the respondent was found to have abused his 3½-year-old daughter. On disposition, the Family Court issued an order of protection lasting until the child's 18th birthday. On appeal, the respondent argued that the length of the order of protection constituted unduly harsh punishment. The Appellate Division found that the question was governed by Family Court Act § 1056 and that, although the period of time the order was to be in effect was "rather extensive," Family Court Act § 1056 contained "no specification as to the duration of such orders." (At 739.)
Indeed, at the time Matter of Erin G. was decided, Family Court Act § 1056 (1) did not limit the duration of an order of protection. However, subsequent to the decision in Matter of Erin G., Family Court Act § 1056 (1) was amended to add the current language, "[s]uch order of protection shall remain in effect concurrently with, shall expire no later than the expiration date of, and may be extended concurrently with, such other order made under this part." (L 1989, ch 220, § 1.)
Thus, Family Court Act § 1056 (1), as amended, explicitly prohibits the issuance of an order of protection the duration of which exceeds the duration of any other dispositional order in the case. In addition, the legislative history of the amendment evinces the Legislature's intent to prohibit the issuance of such orders of protection without court review. The Memorandum in Support of 1989 NY Assembly Bill A 8031, the Assembly bill which eventually led to the enactment of the 1989 amendment, cites with disapproval the Family Court's ability to issue orders of protection of extended duration without court review and specifically cites Matter of Erin G. as an example of what the bill was intended to prohibit. The Assembly Memorandum in Support states:
"[o]ther dispositional provisions of child protective proceedings have a limited duration and require a hearing for extension. Those provisions insure periodic court review of the need for extension, compliance with the order, and the progress of the family. Since an order of protection may exclude a parent from custody of his or her child, similar to an order of placement, the duration and review procedure should be similar." (Mem in Support of 1989 NY Assembly Bill A 8031.)
Because Matter of Erin G. was decided under the earlier version of Family Court Act § 1056 (1) which permitted orders of protection that exceeded the duration of other dispositional orders in the case, Matter of Erin G. is not controlling.
The petitioner also cites three Third Department cases, Matter of Christopher O. (211 AD2d 980 [3d Dept 1995]), Matter of Shaun X. (228 AD2d 730 [3d Dept 1996]) and Matter of Esther CC. (194 AD2d 949 [3d Dept 1993]) in support of its application for an order of protection lasting until the subject child's 18th birthday. Although these cases all arose after the 1989 amendment to Family Court Act § 1056 (1), they all hold that an order of protection may be issued for a period in excess of the duration of the dispositional order. Therefore, this court is now in a position in which if it follows these holdings, its decision would come squarely into conflict with the plain language of the amended Family Court Act § 1056 (1).
In Matter of Christopher O. (211 AD2d 980 [3d Dept 1995]), the respondent was found to have abused his four daughters and the court issued an order of protection lasting until the daughters reached 18 years of age. On appeal, the respondent argued that the order of protection was punitive and overly harsh. Although it is not clear how old the children were at the time of the decision, the Third Department's reliance on Matter of Erin G. indicates that the question was whether an order of protection lasting longer than the order of disposition may be issued. The Appellate Division, citing Family Court Act § 1056, held that the Family Court "clearly had the authority to issue the protective order" and did not elaborate. (Id. at 981.)
In Matter of Shaun X. (228 AD2d 730 [3d Dept 1996]), the Family Court relied on a different subdivision of Family Court Act § 1056 for the authority to enter an order of protection against the father of the 12-year-old subject child lasting until the child's 18th birthday. The court relied on Family Court Act § 1056 (4) which states, in relevant part,
"[t]he court may enter an order of protection independently of any other order made under this part against a person who . . . is not related by blood or marriage to the child or a member of the child's household. An order of protection entered pursuant to this subdivision may be for any period of time up to the child's eighteenth birthday . . . ." (Emphasis added.)
According to its language, Family Court Act § 1056 (4) applies only where an order of protection is issued against a person who is not related by blood or marriage to the child or a member of the child's household. The Fourth Department agreed with this interpretation in Matter of Cayuga County Health & Human Servs. v Dennis E.M. (303 AD2d 1053 [4th Dept 2003]). Because the respondent in Matter of Shaun X. was the child's father, it appears that Family Court Act § 1056 (4) was misapplied in Matter of Shaun X.
In Matter of Esther CC. (194 AD2d 949 [3d Dept 1993]), the Family Court entered an order of protection against the father of a 10-year-old girl, lasting until the child's 18th birthday. The order was modifiable depending, in part, on whether the father satisfied certain conditions. On appeal, the father argued that the order of protection was "harsh and unfair and, in effect, terminate[d] his parental rights without applying a constitutionally mandated clear and convincing standard of proof." (Id. at 951.) The Court upheld the extended order of protection, reasoning that because the order of protection was modifiable, it did not permanently terminate the father's right to contact with his daughter, amounting to merely an "indefinite suspension of visitation rights." (Id.)
Thus, the decisions in Matter of Christopher O., Matter of Shaun X. and Matter of Esther CC. all permitted extended orders of protection even though the language of Family Court Act § 1056 prohibited them.
In a Second Department case, Matter of Victoria H. (255 AD2d 442 [2d Dept 1998]), an appeal of a 1997 Family Court decision, the Appellate Division relied on Family Court Act § 1056 (4) to permit orders of protection against the father of two girls lasting until the children reached the age of 18, despite the plain language of Family Court Act § 1056 (4) that limits its application to persons who are not related to the child by blood or marriage.
[*3]
Although this court is bound to follow the precedent set by the Second Department, this court nevertheless finds it impossible to reconcile the decision in Matter of Victoria H. (supra) with the plain language of Family Court Act § 1056 (4). If this court were to follow the precedent set by Matter of Victoria H., and issue an extended order of protection, it would be acting in clear violation of Family Court Act § 1056 (4) as well as in violation of Family Court Act § 1056 (1).
With respect to the appropriateness of an extended order of protection under Family Court Act § 1056 (1), Besharov, Practice Commentaries (McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1056, at 294) state, "Since an order of protection can only be made in assistance to a primary dispositional order (and runs 'concurrently' with it), it automatically lapses at the termination of the primary order."
The First Department, in Matter of Maritza B. (164 AD2d 838 [1990]), impliedly held that although in 1986 the Family Court had the authority to issue an order of protection for a duration longer than that of the dispositional order, in 1990 it no longer had such authority. In Matter of Maritza B., the appellant moved to vacate a five-year order of protection entered in 1986 on the ground that it exceeded the 18-month duration of the dispositional order.[FN*]

The First Department denied the appellant's motion holding that "at the time the order was entered the court had the discretion to issue orders of protection whose duration exceeded the statutory 18-month limit of a dispositional order" (at 838).
This court notes that in 2003 a bill in the New York State Assembly called for the amendment of Family Court Act § 1056 (1) and (4) to permit, "for good cause shown," the issuance of orders of protection that "remain in effect for a specified period beyond the expiration of the dispositional order." (See 2003 NY Assembly Bill A 7492.) However, such legislation has not yet become law.
This court does not have the power to decide a case in contravention of statutory law. As stated in McKinney's Consolidated Laws of NY, Book 1, Statutes § 73,
"A statute must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all of the problems and complications which might arise in the course of its administration; and no matter what disastrous consequences may result from following the expressed intent of the Legislature, the Judiciary cannot avoid its duty." (Comment at 148.)
Under the foregoing principle of judicial construction of statutes, courts may not create exceptions to the running of time limited by statute, enlarge a statutory ban, or change the scope of a legislative enactment. Indeed, the Court of Appeals has ruled, "It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature, and where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used." (Patrolmen's Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208 [1976] [citations omitted]; see also, Bender v Jamaica Hosp., 40 NY2d 560, 561 [1976] ["Where the statute is clear and unambiguous on its face, the legislation must be interpreted as it exists"]; Matter of De Peyster, 210 NY 216, 225 [1914] ["when an act of the legislature is expressed in clear language it is the duty of the courts to enforce such act in accordance with the letter of the statute"].)
[*4]
Therefore, with due respect to the appellate authority previously cited, this court is compelled to decide this motion according to the plain language of the statute.
In this case, the respondent father brutally killed his child, the brother of the subject child. The deceased child's diagnosis at autopsy was that the child suffered from fatal child abuse syndrome with acute whiplash shaking and cerebral and spinal injury. The medical examiner testified that the autopsy revealed that there had been more than one episode of physical abuse to Christopher. The autopsy also revealed evidence of weeks-old fractured ribs and weeks-old blunt force trauma that caused bleeding around the brain and around the spinal cord. The child experienced cerebral edema and swelling, which caused restricted blood flow to the brain and, eventually, death. The cerebral edema and swelling which led to the death were caused by "severe and vigorous" whiplash shaking. The manner of death was considered homicide. The respondent father pleaded guilty in criminal court to manslaughter in the second degree, admitting that he caused his son's death. The respondent father's behavior was so egregious that this court would be inclined, if the statute permitted it, to issue an order of protection against the respondent father lasting until the child's 18th birthday. However, without the statutory power to issue such an order, this court cannot do so.
Petitioner's motion seeking an order directing that the respondent father have no contact with the subject child until the subject child's 18th birthday is denied because the language of Family Court Act § 1056 prohibits the issuance of an order of protection the duration of which exceeds the duration of any other dispositional order in the case.
On August 23, 2004, the court issued a final order of protection against the respondent father pursuant to Family Court Act § 1052 (a) (iv) and § 1056, prohibiting the respondent father from having any contact with the subject child or the respondent mother for 12 months.

Footnotes

Footnote *: At the time, the statutory limit on the duration of dispositional orders was 18 months rather than one year.