Matter of Child Protective Servs. v William B. (2005 NY Slip Op 50637(U))

[*1]

Matter of Child Protective Servs. v William B.

2005 NY Slip Op 50637(U)

Decided on April 27, 2005

Family Court, Suffolk County

Sweeney, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 27, 2005

Family Court, Suffolk County
In the Matter of Child Protective Services obo ASHLEY B. (Anonymous) BRIAN B. (Anonymous) SHAWN B. (Anonymous), Petitioner
against
William B. (Anonymous), Respondent
xxx

Christine Malafi
County Attorney
by: Randall J. Ratje, Esq.
400 Carleton Avenue, Central Islip, NY 11722
Thomas H. Sartain, Esq.
Legal Aid Society
Attorney for Respondent
400 Carleton Avenue, Central Islip, NY 11722
Theresa A. Mari, Esq. Law Guardian
P.O. Box 463 Huntington, NY 11743-0463

Patrick A. Sweeney, J.
The sole issue before this Court is the duration of an order of protection to be entered pursuant to Family Court Act §1056, in conjunction with a dispositional order in a neglect proceeding. The parties to this case have previously settled the underlying proceeding, with respondent having made an admission and the parties having agreed to a disposition, save for the duration of the order of protection.
The County argues that the Court should issue an order of protection that extends until the [*2]18th birthday of the children.
A hearing was held solely on the issue of the duration of the order of protection. A caseworker from Child Protective Services testified to the respondent's 36 year history of sexual abuse of children. In addition he testified to the events of the child abuse which was the subject of this proceeding. The respondent did not testify at the hearing. By counsel, respondent argues that the order of protection cannot extend beyond the date of the order of disposition and that the Court is not empowered to issue an order which would be in effect until each child's 18th birthday.
The underlying petition in the matter alleges that the respondent grandfather sexually abused his five year old granddaughter on at least six occasions. He was criminally prosecuted under the identical facts and pled guilty to a felony and served six months in jail together, with ten years probation. Further, pursuant to CPL §530.13, the Criminal Court issued a five year order of protection to stay away from the granddaughter. The grandfather admitted in this Court to the allegation of child abuse of his granddaugher as well as derivative neglect of her two siblings. Respondent's counsel cites Matter of Jennifer M. v. Dennis E.M., 303 AD2d 1053 (4th Dept., 2003) as precedent for the proposition that this Court may only issue a one year order of protection since the grandfather is a blood relative. In that case the Court reversed the Family Court's issuance of an extended order of protection on the grounds that it was the father (a blood relative) who had abused his daughter. Counsel argues that the terms of FCA §1056(1) limits the Court in issuing an order of protection to one year in duration and can only issue such a lengthy order against someone not related to the child. FCA §1056(4). 
While it appears that the case cited by the respondent's counsel is on point and applies the law as written by the legislature, the other Appellate Divisions, particularly the First and Second Departments, have ruled repeatedly that the Court has the authority to issue an order of protection under FCA §1056 until the 18th birthday of the child, notwithstanding the language of the statute. See, Matter of Victoria H., 255 AD2d 442 (App. Div. 2d Dept. 1998); Matter of Kanisha W., 233 AD2d 325 (App. Div. 2d Dept. 1996); Matter of Erin G., 139 AD2d 737 (App. Div. 2d Dept. 1988); Matter of Shaun X., 228 AD2d 730 (App. Div. 3rd Dept. 1996). Indeed, in one First Department case, the Appellate Division found that the lower court was required to enter an order of protection until the child's 18th birthday. See, Matter of A.G., 253 AD2d 318 (App. Div. 1st Dept. 1999.)
An interesting analysis of the statute was made by Family Court Judge Richardson in the case of Matter of Gabriel A., 5 Misc 3d 479 (Family Court, Queens County, 2004) in which he concluded that the Court may only issue an order until a child's eighteenth birthday against someone who is not related to the child.
Matter of Victoria H., supra , involved an order of protection issued by the Family Court against a father who had sexually abused and neglected his children. The Appellate Division, Second Department's holding on the order of protection was that the Family Court should have limited the duration of the order "until age 18" rather than "until age 21," specifically citing FCA §1056(4). Further, the same Court in Matter of Lillian C. Administrator for Children Services of the City of New York; Gary W., 8 A.D. 3rd 270, 777 NYS2d 683, again held that it is proper to issue such an order until the child's 18th birthday. Similarly, the Third Department has held that in a child custody proceeding, wherein there were underlying issues of child abuse by a father, the Family Court was empowered to issue an order barring the father's contact with the children until they are [*3]18. Matter of Krista I. V. Gregory I., 8A.D.3rd 696, 777 NYS2d 808. The Court noted that under FCA §656 there was no limitation as to the duration of the order. Matter of Krista I., supra p.698
The intent of the language set forth in §1056(4) was not to limit the Family Court's authority to grant an order of protection until a child's 18th birthday where a blood relative was the abuser, but rather to extend its power to those who are not related or no longer a member of the household (e.g., the ex-boyfriend or ex-girlfriend, who has moved out).
The facts of this case involve a grandfather who sexually abused his granddaughter. It is more likely than not that if not prevented from being a part of this child's life he may appear at some social or family function at a future date and the child and her siblings would not be protected by a Family Court order of protection.
FCA §115 provides that the Family Court has exclusive original jurisdiction over abuse and neglect proceedings as set forth in Article 10. FCA §1011 states that the Article is designed to help and protect children from injury or mistreatment and to safeguard their physical, mental and emotional well-being. Since the Court is statutorily empowered to issue an order of protection until a child's 18th birthday in a custody/visitation matter, it defies logic that the Court would not have a similar power under a child abuse/neglect proceeding. Under the above case law as well as this Court's review of the FCA §1056(1) and (4), it is the holding of this Court that FCA §1056(1) does not limit the Court from issuance of an order of protection to one year where there is an infant involved as this Court is empowered in its discretion to protect infants until their 18th birthday.
The foregoing constitutes the decision and order of the Court. An order of protection consistent with this decision is simultaneously being issued in conjunction with this decision.
 ENTER
 
 J.F.C.