■ In the Matter of COLLIN H. and Others, Children Alleged to be Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FRANK J., Appellant. [812 NYS2d 702]—

Spain, J. Appeal from an order of the Family Court of Cortland County (Ames, J.), entered July 28, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's stepchildren to be neglected.

Respondent is the stepfather to Tyler (born in 1999), Corine (born in 1998) and Collin (born in 1995). In November 2003, following a Child Protective Services report regarding the family and interviews with all family members, petitioner commenced neglect proceedings against respondent and his wife, the mother of the children. The petition against respondent alleged that he had inflicted excessive corporal punishment on the children (*see* Family Ct Act § 1012 [f] [i] [B]).[1] Those allegations stemmed from respondent's admitted use of a belt to discipline all three children, then ages four, five and eight, for misbehavior. A child protective caseworker and a deputy sheriff observed linear bruises on the back of the five-year-old, consistent with a belt, which the children attributed to respondent's beating five days earlier; photographs of those injuries were introduced at the fact-finding hearing. The eight-year-old disclosed that respondent had hit him with a belt several times, on different occasions, most recently on the back of his legs, and that his sister had missed school because of the bruises to her back. None of the children claimed that the mother ever hit them with a belt. After the petitions were filed, the mother returned with the children to her home state of Tennessee and

---

1. The petition against the mother is not in the record.

they were not available to testify at respondent's fact-finding hearing.[2]

Following a fact-finding hearing, Family Court sustained the petition, determining that respondent had neglected all three children by inflicting excessive corporal punishment (*see* Family Ct Act § 1012 [f] [i] [B]). Although Family Court's order indicates that respondent had also neglected the children as defined in Family Ct Act § 1012 (f) (i) (A), respondent is correct that this was not alleged in the petition nor established at the hearing. The order must therefore be modified accordingly. Respondent waived a dispositional hearing and—reserving his right to appeal—stipulated to a no contact order of protection.

Contrary to respondent's contentions on appeal, we conclude that Family Court's finding of neglect as to each of the children was supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), including the testimony regarding observations of the five-year-old's bruised back and recounting the children's statements and respondent's admissions regarding his use of a belt for discipline (*see Matter of Frank Y.*, 11 AD3d 740, 742 [2004]; *Matter of Johannah QQ.*, 266 AD2d 769 [1999]; *Matter of Brian TT.*, 246 AD2d 826 [1998]; *Matter of J. Children*, 216 AD2d 159 [1995]; *Matter of Anthony C.*, 201 AD2d 342 [1994]; *see also Matter of Castilloux v New York State Off. of Children & Family Servs.*, 16 AD3d 1061 [2005], *lv denied* 5 NY3d 702 [2005]; *Matter of Kim HH.*, 239 AD2d 717 [1997]). Although the children did not testify, their out-of-court statements regarding respondent's beatings with a belt were sufficiently corroborated by respondent's admissions, the observed and photographed injuries, and their repeated consistent cross-statements to the caseworkers (*see Matter of Frank Y., supra* at 742; *Matter of Tylena S. v Darin J.*, 4 AD3d 568, 570-572 [2004], *lv dismissed* 2 NY3d 759 [2004]; *see also* Family Ct Act § 1046 [a] [vi]; *Matter of Addie F.*, 22 AD3d 986, 987 [2005]; *Matter of Corey C.*, 20 AD3d 736, 737 [2005]).

Although respondent's family members, who had limited contact with the children, all denied ever seeing him hit them or use a belt (*see Matter of Frank Y., supra* at 742), and claimed the mother had admitted to them that she had used a belt on the children and had threatened to do so, neither respondent nor the children ever alleged that the mother had done so. It was for Family Court to resolve the credibility issues raised by any conflicts in the testimony and where, as here, its determination is supported by the evidence, it will not be disturbed (*see*

---

2. A warrant was issued when the mother failed to appear and a default judgment was entered against her.

*Matter of Addie F., supra* at 987). Further, respondent did not testify, permitting Family Court to draw the strongest possible negative inference against him (*see Matter of John QQ.*, 19 AD3d 754, 756 [2005]).

Notably, while parents are entitled to use reasonable physical force to promote discipline (*see Matter of Anthony C., supra* at 342-343; *see also* Penal Law § 35.10 [1]), "excessive corporal punishment" as used here is specifically prohibited and constitutes neglect (*see* Family Ct Act § 1012 [f] [i] [B]). Finally, despite respondent's claims, petitioner was not required to show actual physical injury or impairment to all three children, as the showing of "imminent danger" of harm or impairment sufficed to establish that each child was a neglected child (*see* Family Ct Act § 1012 [f] [i] [B]; *see also Matter of Corey C., supra* at 738; *Matter of Harmony S.*, 22 AD3d 972, 974 [2005]).

Next, respondent challenges, as unauthorized, the duration of the no contact order of protection, which expires March 13, 2017 when the youngest child reaches age 18. Family Ct Act § 1056 (1) explicitly limits the duration of an order of protection to the duration of the article 10 dispositional order to which it relates (*see Matter of Gabriel A.*, 5 Misc 3d 479, 481-482 [2004]; *see also* Besharov, Practice Commentaries, McKinneys Cons Laws of NY, Book 29A, Family Ct Act § 1056, at 294-295; *cf. Matter of Erin G.*, 139 AD2d 737 [1988] [decided prior to amendment of section 1056 (1) adding current limitation]; Family Ct Act §§ 841 [family offense], 656 [custody/visitation]). Section 1056 (1) applies, by its terms, "except as provided in subdivision four of this section." Orders of protection issued under section 1056 (4) may extend "for any period of time up to the child's eighteenth birthday," but only to a person "who is no longer a member of [the child's] household at the time of the disposition and who is *not related by* blood or *marriage* to the child" (Family Ct Act § 1056 [4] [emphasis added]), which would be inapplicable to respondent as he is married to the children's mother (*see Matter of Cayuga County Health & Human Servs. v Dennis E.M.*, 303 AD2d 1053, 1054 [2003]; *Matter of Gabriel A., supra* at 483-484).

Although there are decisions of this Court which support issuance of extended orders of protection under Family Ct Act § 1056 (4) which exceed the duration of dispositional orders against a child's relatives (*see e.g. Matter of Shaun X.*, 228 AD2d 730 [1996]; *Matter of Christopher O.*, 211 AD2d 980 [1995]; *Matter of Esther CC.*, 194 AD2d 949 [1993]), they should not be followed as the clear language of section 1056 (4) does not authorize orders of protection until a child's 18th birthday against

one "related by blood or marriage" (*see Matter of Cayuga County Health & Human Servs. v Dennis E.M., supra; Matter of Gabriel A., supra* at 483-484). There is one reported decision which interprets section 1056 (4) as solely an effort *to extend* Family Court's power to nonrelatives or nonhousehold members (rather than *to limit* the court's power to grant orders of protection until a child's 18th birthday where a blood/marital relative was the respondent) (*see Matter of Child Protective Servs. v William B.*, 7 Misc 3d 1017[A] [2005]). We reject this analysis, however, as it is not sufficient to overcome the clear language of section 1056 (1) and (4), which expressly limits the duration of orders of protection in neglect (and abuse) cases, and legislative efforts to amend that limitation have been unsuccessful (*see Matter of Gabriel A., supra* at 485). By distinction, orders preventing contact between a relative and child until the child's 18th birthday are allowed under Family Ct Act article 6 governing custody and visitation (*see* Family Ct Act § 656; *Matter of Krista I. v Gregory I.*, 8 AD3d 696, 698 [2004]).

Thus, the no contact order of protection is modified so that its duration is concurrent with that of the dispositional order, whose maximum duration is not specified, but cannot exceed one year (*see Matter of Gabriel A., supra* at 481), subject to any extensions sought by petitioner (*see* Family Ct Act § 1056 [1]; §§ 1058, 1061; *Matter of Shaun X.*, 300 AD2d 772, 773 [2002]; *Matter of Fatima Mc.*, 292 AD2d 532, 533 [2002]).

Crew III, J.P., Peters and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as found that respondent has neglected the children within the meaning of Family Ct Act § 1012 (f) (i) (A) and as set the expiration date of the order of protection as March 13, 2017; set the expiration date of said order as July 28, 2005; and, as so modified, affirmed.