■ In the Matter of the DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of DAMIEN W., Appellant, v DONALD W., Respondent, and KATHY W., Respondent.—In a child protective proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Dutchess County (Amodeo, J.), entered September 19, 1990, which, after a fact-finding hearing, dismissed the petition alleging abuse and neglect against the respondent mother.

Ordered that the order is modified, on the law, by deleting the provision thereof which held that the respondent mother did not neglect her children and substituting therefor a provision finding that she did neglect her children; so modified, the

order is affirmed, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Family Court, Dutchess County, for a dispositional hearing.

The Dutchess County Department of Social Services commenced this proceeding against the respondent parents, alleging that they neglected and sexually abused their two children, Damien and Desiree. At a fact-finding hearing, it was revealed that Damien, who was then three years old, made certain statements to his therapist as well as to a case worker from the Dutchess County Department of Social Services, to the effect that both his mother and father had sexually abused him. Also, a physician testified that a physical examination of Desiree, who was then two years old, revealed that she had been sexually abused, since there was evidence of "vaginal penetration" which had to have occurred on more than one occasion. Damien, however, later recanted his statements inculpating his mother and stated that his mother did not abuse him.

The Family Court found that the respondent father had sexually abused the children. The father had made a statement inculpating himself and the court found this statement to constitute sufficient corroborative evidence of Damien's statements. As to Desiree, the court found that the medical evidence of her abuse constituted sufficient corroboration.

However, the Family Court dismissed the petition against the mother. We agree with the Family Court that there was insufficient evidence tending to show that the mother sexually abused her children. Damien totally recanted his statements against his mother, and no evidence was introduced that he did this under pressure (cf., Matter of Beverly WW., 159 AD2d 802; Matter of Melissa M., 136 Misc 2d 773). Further, while the corroborative evidence did show that the children were abused, it did not confirm that the mother was the abuser (see, Matter of E. M., 137 Misc 2d 197, 201).

However, we find that although the evidence of the mother's sexual abuse did not meet the requisite preponderance of the evidence standard, the mother was guilty of neglect in that she knew or should have known that the children were in imminent danger of becoming victims of sexual abuse by the father (see, Matter of Sara X., 122 AD2d 795; Matter of Tantalyn TT., 115 AD2d 799; see also, Matter of Ruth McI., 140 AD2d 255).

We have considered the parties' remaining contentions and

find them to be without merit. Kooper, J. P., Sullivan, Lawrence and Ritter, JJ., concur.