■ In the Matter of CHRISTOPHER N. et al., Children Alleged to be Abused. COMMISSIONER OF TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. DEBORAH N., Appellant. [634 NYS2d 247] —Mikoll, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered March 29, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be abused and/or neglected.

On March 6, 1992 petitioner filed a petition against respondent alleging that her children, Christopher N. (born in 1980), Katrina N. (born in 1985) and Patrick H. (born in 1989), were

abused and/or neglected children. The petition related 10 incidents evidencing abuse and/or neglect. Respondent had been married to the father of Christopher and Katrina but, after their relationship ended, she began a relationship with Patrick's father. Previous to this proceeding, petitions had been filed in February 1991 against respondent and Patrick's father alleging the sexual abuse of Katrina by Patrick's father and the failure of respondent to protect the children from such abuse. The three children had been removed from respondent's care by petitioner on February 15, 1991. After a finding of neglect by respondent in September 1991, Christopher and Katrina were placed with their father and his wife, Anna. Patrick was placed in the care and custody of respondent.

A fact-finding hearing was held on this matter on March 6, 1992 at which Cristen Haltom, a licensed psychologist, Christopher, Anna and respondent testified. In her answer respondent denied the allegations of sexual abuse, but she admitted that she had a drug and alcohol problem. The report filed by the court-appointed Law Guardian recommended that respondent be found to have abused and neglected Katrina and Christopher because their out-of-court statements were believable as to the manner and contents of disclosure and accompanying behavior.

At the conclusion of the fact-finding hearing, Family Court determined that Christopher and Katrina were abused children in that respondent committed the offense of sexual abuse in the first degree against them. Family Court further ruled that Patrick was a neglected child in that respondent has endangered his physical, mental or emotional well-being through the abuse of the two older children. In an order of disposition issued March 22, 1994, Family Court directed that Patrick remain in petitioner's custody and that Christopher and Katrina stay with their father and Anna. Further, Family Court required respondent to attend a sex offender treatment program. However, Family Court also permitted respondent supervised visitation with Patrick, but prohibited respondent from having any contact with Christopher or Katrina for one year.

On appeal respondent contends that the adjudication was based on out-of-court statements which were insufficiently corroborated and that Family Court also improperly admitted postpetition evidence. We disagree. The order of Family Court should be affirmed.

Family Court has considerable discretion in deciding whether a child's out-of-court statements have been corroborated and

whether the record as a whole supports a finding of abuse (*see*, *Matter of Nicole V.*, 71 NY2d 112, 118). "[O]ut-of-court statements may be corroborated by '[a]ny other evidence tending to support' their reliability" (*supra*, at 118, quoting Family Ct Act § 1046 [a] [vi]).

In this proceeding, petitioner presented corroborating evidence of sexual misconduct through the testimony and expert opinion of Haltom, a licensed psychologist experienced in working with children who have been sexually abused, who had been seeing Katrina and Christopher on a weekly basis for a period of six months and thereafter on a biweekly basis up to the time of the hearing. The children related incidents involving abuse that they had experienced to Haltom and she evaluated the accuracy and credibility of their descriptions in the light of her experience and training. The two children also testified in camera as to what they experienced with respondent.

Haltom testified that Christopher told her, *inter alia*, that respondent held him down and watched pornographic films. Haltom explained that Christopher hypothesized that this made his mother "horny". Upon questioning as to why he said that, Christopher explained that people shudder and shake when they get "horny" and that respondent was shuddering and shaking. Haltom also testified that Christopher described a bedroom incident where respondent was "touching his private parts" and telling him to "touch [respondent] on her breast". When respondent would not open the door, his father removed the hinges to gain access to the bedroom. Christopher testified to several of the incidents in court, including occasions where respondent requested that he take a shower with her which involved her washing his private area and he was directed to wash her breast and private area.

Haltom also testified that Katrina reported acts of sexual touching of her private area by respondent and that respondent used objects with which she touched her in that area. These acts and others took place when Katrina was approximately four years old. During an in camera interview Katrina expressed fear that respondent would harm her.

In Haltom's opinion, both children were good examples of child sexual abuse accommodation syndrome. She said that secrecy was an issue for both children as well as the fact that both children blame themselves for what happened. She stated further that both children were hesitant to disclose respondent's involvement in this activity because they wanted to protect her and feared losing visitation with her. Considering

Haltom's testimony and the in camera testimony of the two children, we find adequate corroboration of the sexual abuse and neglect found by Family Court.

Respondent's argument that Family Court erred in admitting postpetition in camera testimony of Christopher dealing with matters not alleged in the petition is rejected. Family Court had discretion to entertain relevant evidence which occurred after the date of filing of the petition as "any relevant and material evidence may be admitted in any hearing under Family Court Act article 10" (*Matter of Charles DD.*, 163 AD2d 744, 747; *see, Matter of Darlene T.*, 28 NY2d 391, 395).

Cardona, P. J., Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.