In the Matter of HEATHER P., a Child Alleged to be Abused, Appellant. NICHOLAS P., Respondent; JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [649 NYS2d 551] —Order unanimously reversed on the law and facts without costs, petition granted and matter remitted to Jefferson County Family Court for further proceedings in accordance with the following Memorandum: Petitioner commenced this proceeding alleging that respondent sexually abused his $2^{1}/_{2}$-year-old daughter, Heather. A fact-finding hearing was conducted, at which petitioner offered evidence that Heather made out-of-court statements describing incidents of sexual abuse. Those statements were made during an interview conducted by a Jefferson County Sheriff's detective and a child protective services caseworker employed by petitioner. The detective and caseworker also testified that Heather, in graphic detail, acted out the alleged instances of abuse. Heather's mother, who was present at the interview but did not participate in the questioning, gave similar testimony. Petitioner also offered validation testimony from an expert who investigated the allegations of sexual abuse and interviewed Heather on two separate occasions. The validator gave detailed testimony regarding those interviews with Heather. The mother was present only during the first interview but did not participate in it or otherwise interact with Heather. The validator described behavior that is consistent with the behavior of a sexually abused $2^{1}/_{2}$-year-old child and opined that, based upon her observations and reports completed by both parents, Heather manifested those behaviors that are associated with a sexually abused child. The validator, when asked if she had an opinion whether Heather was sexually abused, responded in the affirmative. When asked to give the basis for her opinion, she responded that she relied primarily on Heather's "self-report, and particularly [the] insistence [of Heather] on showing, using her own body, being hurt in the vagina and rectal area", as well as the reports of both parents regarding sexual behavior that they observed. The validator opined: "I suspect this child has been sexually abused". When asked whether she had an opinion regarding the perpetrator, she stated that, based upon the child's report, the perpetrator is respondent. The validator's qualifications to give expert testimony were not chal-

lenged. Respondent testified at the hearing and denied the allegations of the petition.

Family Court dismissed the petition, concluding that Heather's out-of-court statements regarding the abuse were "vague and not precise" and that, in any event, they were not sufficiently corroborated by the validator's testimony because the validator did "not even proffer an opinion that the respondent abused the child".

Pursuant to Family Court Act § 1046 (a) (vi), unsworn out-of-court statements of a child victim may be received in evidence and, if properly corroborated, will support a finding of abuse (*see, Matter of Nicole V.*, 71 NY2d 112, 117-118). The statements may be corroborated by "[a]ny other evidence tending to support" their reliability (Family Ct Act § 1046 [a] [vi]). Validation expert testimony alone may serve as sufficient corroboration of a child's out-of-court statements to sustain a finding of abuse (*see, Matter of Jaclyn P.*, 86 NY2d 875; *Matter of Nicole V., supra,* at 121; *Matter of Vincent I.*, 205 AD2d 878, 879). Moreover, it is well settled that Family Court has broad discretion to decide whether the child's out-of-court statements describing incidents of abuse have been sufficiently corroborated and whether the record as a whole supports a finding of abuse (*see, Matter of Nicole V., supra,* at 119; *see also, Matter of Christina F.*, 74 NY2d 532, 536).

Notwithstanding the deference that we must accord to the court's findings, we conclude that the order of dismissal cannot stand because the validation expert testimony sufficiently corroborated Heather's out-of-court statements to sustain the allegations of sexual abuse. We exercise our independent power of factual review and make a different credibility determination regarding Heather's out-of-court statements. There is no basis for the court's finding that Heather's statements of abuse were "vague and not precise". We find Heather's out-of-court statements to be highly credible, particularly in light of the fact that she was only $2^{1}/_{2}$ when the interview with the detective and caseworker was conducted. Additionally, a review of the record establishes that the validator rendered an opinion that Heather's behavior was consistent with that of a sexually abused child and that respondent was the perpetrator. Thus, our review of the entire record leads us to conclude that the allegations of abuse are supported by a preponderance of the credible evidence and, therefore, we reverse the order, find abuse, grant the petition and remit the matter to Jefferson County Family Court for a dispositional hearing before a different Judge. (Appeal from Order of Jefferson County Family

Court, Hunt, J.—Child Abuse.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.