■ In the Matter of JEFFREY D., a Child Alleged to be Abused. SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DARRIE D., Appellant, et al., Respondent. [650 NYS2d 340] —Spain, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered March 8, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondents' child to be neglected.

On November 23, 1992 petitioner filed a petition pursuant to Family Court Act article 10 alleging that respondents had abused their three-month-old son, Jeffrey (hereinafter the child). The petition was based upon allegations that the child was scalded with hot water on his face, scalp and neck, and that the child sustained two bruises on his chest below his left nipple. Thereafter, as a result of further medical examinations which indicated that the child had sustained numerous fractured ribs, petitioner filed an amended petition also alleging child abuse. After a fact-finding hearing, Family Court concluded that petitioner had failed to establish a prima facie case of abuse by failing to introduce evidence that the child suffered from a "physical injury" as defined in Family Court Act § 1012 (e) (i). However, the court did find the child to be neglected within the meaning of Family Court Act § 1012 (f) (i) (B). Only the mother (hereinafter respondent) appeals.

Initially, we reject petitioner's contention that the appeal is moot because the child was returned to respondent in the fall of 1994. An adjudication of neglect constitutes a permanent stigma to a parent and it may, in future proceedings, affect a parent's status; therefore an appeal from such a finding is not moot (*see, Matter of Matthew C.*, 227 AD2d 679, 680-681; *Matter of H. Children*, 156 AD2d 520). Upon review of the merits, however, we conclude that the record amply supports Family Court's finding that the child was neglected.

At the fact-finding hearing petitioner presented testimony from a police officer who investigated the initial call, a senior case worker for petitioner, an emergency room nurse and Louise Godine, a medical doctor specializing in pediatric radiology, who was directly involved in the care of the child. Upon her determination that the child had suffered broken ribs, Godine ordered X rays which revealed that the child sustained a total of nine fractured ribs. Godine asserted that rib fractures are not common in three-month-old children because the ribs are cartilage-like, thin, flat and very pliable. Godine opined that only one rib fracture in a baby raises the possibility of child abuse and that the configuration of the rib fractures is indicative of the child being held by the rib cage and squeezed with great force.

The only witnesses who testified on behalf of the parents were a nurse and a caseworker from the local public health nursing agency who offered no insights into the infant's fractured ribs except that the parents admitted that they may have picked him up too quickly the night he was accidentally scalded. This explanation by the parents was refuted by Godine, who testified that the fractures were more than two weeks old as of the day the infant was scalded. Neither parent testified at the fact-finding hearing.

This Court has stated that "[a] finding of * * * neglect must be based upon a preponderance of the evidence" (*Matter of Shaun X.*, 228 AD2d 730, 731; *see, Matter of Julissa II.*, 217 AD2d 743, 743-744; *Matter of Jacinta J.*, 140 AD2d 990, 991; *see also*, Family Ct Act § 1046 [b] [i]). Further, it is well established that even a single incident can be sufficient to constitute child neglect (*see, Matter of Maroney v Perales*, 102 AD2d 487, 489). Here, it is uncontroverted that while under the exclusive control of respondents the child sustained burns and received numerous rib fractures. Further, neither parent has come forward with a reasonable and adequate explanation of how the child sustained the multiple fractures, except for squeezing the child after he was scalded in order to calm him

down, an excuse which was discredited by expert testimony. The facts in this case more than adequately support a finding that the child's physical condition had been impaired (*see*, Family Ct Act § 1046 [b] [i]), thereby raising a rebuttable presumption of neglect (*see, Matter of Shawniece E.*, 110 AD2d 900), and "[r]espondent's failure to testify entitles the fact finder to draw strong inferences against [her] as may be supported by other evidence in the record" (*Matter of Tami G.*, 209 AD2d 869, 870, *lv denied* 85 NY2d 804; *see, Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G.*, 59 NY2d 137, 141). Accordingly, we find no reason to disturb Family Court's determination.

Mikoll, J. P., White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.