■ In the Matter of JESSICA DD. and Others, Children Alleged to be Abused. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DANIEL EE., Appellant. (Proceeding No. 1.) In the Matter of JESSICA DD. and Others, Children Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TAMMY EE., Appellant. (Proceeding No. 2.) [651 NYS2d 673] —White, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered March 7, 1994, which partially granted petitioner's application, in a proceeding (No. 1) pursuant to Family Court Act article 10, and adjudicated one of respondent's stepchildren to be abused.

Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered March 7, 1994, which partially granted petitioner's application, in a proceeding (No. 2) pursuant to Family Court Act article 10, and adjudicated one of respondent's children to be neglected.

After a fact-finding hearing in these child protective proceedings, Family Court found that respondent Daniel EE. (hereinafter the stepfather) had sexually abused his stepdaughter and

that respondent Tammy EE. (hereinafter the mother) neglected her daughter. The primary issue on these appeals is whether the four-year-old victim's out-of-court statements, upon which Family Court's findings are predicated, were sufficiently corroborated as required by Family Court Act § 1046 (a) (vi).

At the fact-finding hearing, two State Police Investigators and a caseworker related the victim's out-of-court statements that her stepfather had sexually abused her on several occasions when the family was living in Star Lake, St. Lawrence County. They further related that the victim told them that she twice told her mother what had happened and that, on each occasion, her mother threw her stepfather out of the house but that he later came back to live with the family.

Family Court found that the victim's testimony regarding the acts of sexual abuse was corroborated by the testimony of Rosalyn Syp, a licensed clinical social worker. We begin our analysis of the propriety of this determination by recognizing that Family Court has considerable discretion in determining whether there is "[a]ny other evidence tending to support the reliability" of the child's out-of-court statements (Family Ct Act § 1046 [a] [vi]; see, Matter of Christopher N., 221 AD2d 871, 873). Among the types of evidence that can provide sufficient corroboration is that given by experts (see, Matter of Linda K., 132 AD2d 149, 158, lv denied 70 NY2d 616).

Syp was clearly qualified as an expert as she holds a Master's degree in social work and had over 13 years of experience working with victims of sexual abuse (see, Matter of Nicole V., 71 NY2d 112, 122). Our evaluation of her testimony shows that it provided ample corroboration as she testified that, after she determined the victim's competency in terms of reporting her situation, she had the victim reenact the sexual abuse incidents with dolls, which she did graphically (see, Matter of Jaclyn P., 86 NY2d 875, 877, cert denied sub nom. Papa v Nassau County Dept. of Social Servs., — US —, 116 S Ct 816; Matter of Racielli C., 215 AD2d 477, 478; Matter of Commissioner of Social Servs. of City of N. Y. [Joanne W.] v Edyth W., 210 AD2d 328, 329). Syp also noted that the victim exhibited behavioral patterns, i.e., bedwetting, nightmares and lack of reaction, that are common in children who have been sexually abused (see, Matter of Nicole V., supra, at 121). Accordingly, we conclude that Family Court did not abuse its discretion in determining that the victim's out-of-court statements were sufficiently corroborated. We further conclude that those statements established by a preponderance of evidence that the stepfather sexually abused the victim.

Family Court found that the mother neglected the victim because she took no action to protect her from sexual abuse. The only evidence supporting this finding was the victim's out-of-court statements that she twice told her mother about her stepfather's actions and that he left the home on two occasions. Family Court found corroboration for these statements in the nonhearsay evidence in the record that the stepfather did leave on two occasions. We do not consider this evidence to be sufficient corroboration since no correlation was established between the victim's relation of the incidents to her mother and the stepfather's departures. More significantly, while the record indicates that the incidents took place when the family lived in Star Lake, the stepfather's second departure occurred when the family was living in a different locale. Finding a lack of corroboration, we reverse Family Court's finding of neglect against the mother.

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the order in proceeding No. 1 is affirmed, without costs. Ordered that the order in proceeding No. 2 is reversed, on the law, without costs, and petition dismissed.