In the Matter of ELIZABETH G. and Others, Children Alleged to be Abused and/or Neglected. JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; PHOENIX C. et al., Respondents. [680 NYS2d 32] —Order unanimously reversed on the law and facts without costs, petition granted and matter remitted to Jefferson County Family Court for further proceedings in accordance with the following Memorandum: Petitioner commenced this proceeding alleging that respondent Phoenix C. sexually abused two of respondent Robin G.'s three children and neglected the third, and that Robin G. neglected her children by failing to protect them. At the fact-finding hearing, petitioner offered evidence of the abuse by the out-of-court statements of the two alleged abuse victims, five-year-old Megan and seven-year-old Patrick. Megan gave two statements to a child protective caseworker and two statements to a social worker who was an expert in child sexual abuse. Patrick gave statements to the child protective caseworker, to a police detective, and to the social worker. Each child described and acted out the incidents of sexual abuse in graphic detail. The social worker conducted a validation interview with Megan on two occasions, and with Patrick on one occasion. The social worker provided detailed testimony concerning the methods she used

in interviewing the children and their responses to her questions. She concluded from the manner in which Megan and Patrick disclosed the incidents of abuse that they had not been coached. When the children described the incidents of abuse, they became agitated, uncomfortable and distracted. During her first session, Megan hid under a chair while describing the abuse. The social worker testified that the behavior of both Megan and Patrick was consistent with the behavior of sexually abused children. The social worker concluded that the manner in which Megan explained the abuse, as well as her anxiety in doing so, was consistent with a child who had been sexually abused. In addition, Patrick's disclosure, affect and behavioral symptoms were consistent with those of a child who had been sexually abused. Phoenix C. testified at trial that he did not abuse either child. An expert who testified for respondents criticized the social worker's technique when interviewing the children.

Family Court dismissed the petition against both respondents, concluding that the out-of-court statements of the children were inconsistent and exaggerated, and thus incredible, and that the statements were not sufficiently corroborated by a validator's testimony.

"Notwithstanding the deference that we must accord to the court's findings * * * [w]e exercise our independent power of factual review and make a different credibility determination" (*Matter of Heather P.*, 233 AD2d 912, 913). We find that the statements of Megan and Patrick were consistent. Although Megan did not reveal all of the incidents of abuse to all the people with whom she spoke, her statements were consistent when she described the abuse. Similarly, although Patrick was initially reluctant to disclose the abuse, once he did, his description of the abuse never changed. We disagree with the court that the testimony of either child was exaggerated. The children were able to describe the incidents of abuse in detail, including where and how it occurred. From our review of the record, we find the out-of-court statements of both Megan and Patrick to be credible.

Pursuant to Family Court Act § 1046 (a) (vi), out-of-court statements made by a child relating to allegations of abuse are admissible in evidence if corroborated by "[a]ny other evidence tending to support the reliability of the previous statements". Testimony from a validation expert may serve as sufficient corroboration of a child's out-of-court statements (*see, Matter of Jaclyn P.*, 86 NY2d 875, 878; *Matter of Nicole V.*, 71 NY2d 112, 121). Although Family Court has broad discretion in determin-

ing whether the out-of-court statements have been sufficiently corroborated (*see, Matter of Nicole V., supra*, at 119), we conclude that the court erred in determining that the children's out-of-court statements were not sufficiently corroborated by the validation expert. Respondents' expert criticized the technique of the validator, but it was undisputed that the children exhibited behavioral symptoms that were consistent with sexual abuse. Additional support for the conclusion of the validator that the children had been sexually abused was the children's affect when describing the incidents of abuse.

In any event, even assuming, arguendo, that the validation testimony did not sufficiently corroborate the out-of-court statements of Megan and Patrick, we conclude that the statements of each child cross-corroborated the statements of the other. "It is well established that the out-of-court statements of siblings may properly be used to cross-corroborate one another" (*Matter of Latisha W.*, 221 AD2d 645; *see, Matter of Nicole V., supra*, at 124; *Matter of Jennifer T.*, 212 AD2d 1039, 1040). Here, Megan made detailed out-of-court statements concerning the abuse that were similar to Patrick's description of the abuse. Additionally, both Megan and Patrick stated that they had observed Phoenix C. sexually abusing the other. Thus, upon our review of the record, we conclude that the allegations that Phoenix C. sexually abused Megan and Patrick and neglected Elizabeth were supported by a preponderance of the evidence (*see*, Family Ct Act § 1046 [b] [i]).

We further conclude that the record supports, by a preponderance of the evidence, the allegation that Robin G. neglected her children by failing to exercise a minimum degree of care in providing the children with proper supervision (*see*, Family Ct Act § 1012 [f] [i] [B]). Even after learning of the abuse, Robin G. would not believe her children and instead continued her relationship with Phoenix C. Although she denied any knowledge that Phoenix C. had previously been convicted of sexual abuse, she stated that, had she known, she nevertheless would have allowed him to be near her children. In addition, the record establishes that, even though Robin G. knew that a previous boyfriend was suspected of sexually abusing her eldest daughter, she continued to allow him to baby-sit for her children.

Thus, we reverse the order, find that Phoenix C. sexually abused Megan and Patrick and neglected Elizabeth and that Robin G. neglected Megan, Patrick and Elizabeth, and grant the petition. We remit the matter to Jefferson County Family Court for a dispositional hearing before a different Judge. Pend-

ing the hearing, custody of the three children shall be continued with their father. (Appeal from Order of Jefferson County Family Court, Schwerzmann, J.—Abuse.) Present— Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.