■ In the Matter of MELISSA I., a Child Alleged to be Abused and Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LAWRENCE J., Appellant. [681 NYS2d 372]

—Peters, J. Appeals (1) from an order of the Family Court of Columbia County (Leaman, J.), entered February 13, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Melissa I. to be an abused and neglected child, and (2) from an order of said court, entered February 13, 1997, which issued an order of protection.

By petition filed August 26, 1996, it was alleged that "on or about August 23, 1996" respondent had sexually abused the child (born in 1991) who is the subject of this proceeding and that "at all relevant times" the child was residing with her mother and respondent. The child's initial disclosure occurred during visitation with her father, prompting him and his girlfriend to bring her to a hospital for examination. Kirk Hochstetler, an emergency room physician, examined her and later testified that the child had disclosed that someone named "Larry" had put an object in her vagina.* Hochstetler also testified that she disclosed that Larry pinched her in the area of her nipples. Although no marks were found on the child's chest, Hochstetler did observe that her hymen was partially torn.

At the fact-finding hearing, numerous witnesses testified, including a child protective services caseworker, the child's mother, the father's girlfriend (now wife), an investigator with the State Police, Hochstetler and the clinic supervisor at the Astor Child Guidance Clinic where the child was treated. Respondent testified on his own behalf and proffered numerous witnesses including his aunt, father and mother. At the conclusion thereof, based upon a preponderance of the evidence, Family Court found the child to have been abused by respondent. He appeals both from the order of fact finding and disposition.

Respondent contends that in the absence of evidence establishing the date of the allegedly abusive acts, Family Court erred in finding that it occurred "on or about August 23, 1996". With the presentment of evidence that petitioner had conducted a safety assessment in connection with a different allegation of abuse as of August 15, 1996, which indicated that the child was healthy and safe, coupled with the child's disclosure not only in the psychiatric assessment admitted into evidence but to all others who testified in an effort to corroborate these statements, we find that the time span during which these acts allegedly occurred was sufficiently narrowed to the week between August 15, 1996 and August 22, 1996. With

---

* Such area was identified by the child's nonverbal cues.

testimony from the child protective caseworker that the age of this victim makes it difficult to pinpoint an exact time of the occurrence, the approximation was sufficient.

Regarding the sufficiency of the evidence presented, we begin our review with the precept that the child's "out-of-court statements may be corroborated by '[a]ny other evidence tending to support' their reliability" (*Matter of Nicole V.*, 71 NY2d 112, 118, quoting Family Ct Act § 1046 [a] [vi]), and that considerable discretion will be accorded to Family Court to determine not only whether such corroboration is reliable but also "whether the record as a whole supports a finding of abuse" (*Matter of Nicole V., supra*, at 119). As the requisite corroboration may be satisfied by expert testimony (*see, Matter of Jessica DD. [Daniel EE.]*, 234 AD2d 785, *lv denied* 89 NY2d 812; *Matter of Thomas N. [Howard P.]*, 229 AD2d 666), we reviewed the testimony of both the child protective caseworker, who found the child to be credible, as well as that of the State Police investigator, who confirmed that she reiterated the same account. Again confirmed by statements made to Hochstetler, who notably testified that the tearing of the hymen could have occurred in ways other than abuse, we find that notwithstanding variations in the child's account as to whether the incident was initially disclosed to her mother, there exists sufficient corroborative evidence.

Considering Family Court's unique opportunity to view these witnesses and assess their credibility, we find no abuse of discretion in its determination that the evidence as a whole supported the finding of abuse. Given our factual review power in determinations of this type (*see, Matter of Anita U. [Anthony U.]*, 185 AD2d 378, 379), we decline to disturb it.

Cardona, P. J., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the orders are affirmed, without costs.