██ In the Matter of ANITA J. F. and Others, Children Alleged to be Abused and/or Neglected. SENECA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KATHERINE J. F., Appellant. [701 NYS2d 557] —Order unanimously affirmed without costs. Memorandum: Respondent appeals from an order of fact-finding and disposition of Family Court determining, following a hearing, that Ariel and her siblings are neglected children and that Ariel was sexually abused by respondent's boyfriend. Upon our review of the record, we conclude that the findings of

neglect and abuse are established by a preponderance of the evidence (*see*, Family Ct Act § 1046 [b] [i]; *Matter of Philip M.*, 82 NY2d 238, 243-244). The out-of-court statements of Ariel were sufficiently corroborated by the eyewitness testimony of her sister Anita and the validation testimony of petitioner's expert witness (*see*, Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 121). The out-of-court statement of Anita that a second incident took place on or about February 4, 1998 was sufficiently corroborated by her hearing testimony (*see, Matter of Christina F.*, 74 NY2d 532, 536-537). Although the court found that the second incident took place "on or about mid-January 1998", we note that it took place on or about February 4, 1998 (*see, Matter of Elizabeth G.*, 255 AD2d 1010, 1011, *lv dismissed* 93 NY2d 848, *lv denied* 93 NY2d 814; *Matter of Anita U.*, 185 AD2d 378, 379). Respondent contends that Ariel and Anita were not credible witnesses. "Considering Family Court's unique opportunity to view these witnesses and assess their credibility, we find no abuse of discretion in its determination" (*Matter of Melissa I.*, 256 AD2d 671, 673). The failure of respondent's boyfriend to deny the allegations when he testified entitled the court to draw the strongest inferences against him as were supported by the other evidence in the case (*see, Matter of Jeffrey D.*, 233 AD2d 668, 670; 1A NY PJI 3d 99).

The finding of neglect with respect to respondent was properly based upon evidence of her conduct after learning of the abuse (*see, Matter of Elizabeth G., supra*, at 1012). We note in addition that petitioner presented proof that, in an unrelated prior proceeding, respondent violated an order of protection by allowing contact between her boyfriend and the children. We reject respondent's contention that the court violated Family Court Act § 1041 (a). Respondent's remaining contentions are not preserved for our review. (Appeal from Order of Seneca County Family Court, Bender, J.—Neglect.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Balio, JJ.