■ In the Matter of A.R. and Others, Infants. MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; F.A. et al., Respondents. [764 NYS2d 746] —Appeal from so much of an order of Family Court, Monroe County (Kohout, J.), entered May 12, 2003, that, inter alia, dismissed those parts of the amended petition alleging that respondents abused the two younger children and that respondent D.C. neglected them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by adjudging the two younger children to be abused children in reference to respondent F.A. and those two children to be neglected children in reference to respondent D.C. and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum: Petitioner commenced this proceeding alleging that respondents sexually abused and neglected respondent mother's three daughters. At the fact-finding hearing, petitioner offered evidence that respondent F.A., respondent mother's live-in boyfriend, had sexually abused the oldest of the three children. Family Court found that respondent boyfriend abused the oldest child and neglected the two younger children, and that respondent mother neglected the oldest child. The court dismissed those parts of the amended petition alleging that respondents abused the two younger children and that respondent mother neglected them. On appeal, petitioner contends that it established by a preponderance of the evidence that respondent boyfriend derivatively abused the two younger children and that respondent mother neglected them. We agree.

As a preliminary matter, petitioner contends that the court erred in taking judicial notice of a prior PINS adjudication involving the oldest child. We disagree. A court has the power to take judicial notice of its own prior proceedings (*see* CPLR 4511; Family Ct Act § 164; *Matter of Justin EE.,* 153 AD2d 772, 774 [1989]). In any event, any error is harmless inasmuch as the court considered the prior PINS proceedings only with respect to the reason for the oldest child's absence from home at the time of respondent boyfriend's arrest.

With respect to respondent boyfriend, we note that a derivative finding of abuse or neglect is appropriate "where a respondent's abuse of the subject child is so closely connected with the care of another child as to indicate that the second child is equally at risk" (*Matter of Marino S.,* 100 NY2d 361,

374 [2003]). Proof of the abuse or neglect of one child is admissible on the issue of the abuse or neglect of another child (*see* Family Ct Act § 1046 [a] [i]). In this case, the oldest child gave a statement to an investigator, which was sufficiently corroborated, that respondent boyfriend sexually abused her over a period of four years, with increasing degrees of intensity. In addition, the middle child gave a statement to the investigator describing an incident in which respondent boyfriend entered her bedroom at night and stroked her back and stomach. The middle child told the investigator that she was not comfortable with that behavior and was afraid that respondent boyfriend was going to rape her. Although the middle child did not tell anyone about the incident, the oldest child's statement corroborated the event. The oldest child stated that respondent boyfriend told her that he was going into the middle child's bedroom to try to engage the middle child in sexual activity, and he instructed the oldest child to wait outside the door as a lookout. After a brief period, respondent boyfriend left the bedroom and commented to the oldest child that "it didn't go well." Based on the nature and extent of sexual abuse of the oldest child by respondent boyfriend and the evidence concerning his attempted sexual abuse of the middle child, a finding that he derivatively abused the two younger children is appropriate in this case (*see Matter of V. Children,* 274 AD2d 399 [2000]; *Matter of Khabira B.,* 271 AD2d 606, 607 [2000]; *see also Matter of Crystal Roxy Lynn D.,* 296 AD2d 408 [2002]).

With respect to respondent mother, we conclude that the court should have found that she neglected the two younger children in addition to the oldest child. When the investigator interviewed respondent mother, he told her about the disclosures of both of the two older children. Respondent mother refused to believe her children and informed the investigator that nothing he could show her or tell her would make her believe that her boyfriend had done anything inappropriate. The child protective services worker was present during that interview and told respondent mother that her boyfriend could not be allowed back in the home where the two younger children were residing and could have no contact with them. Nevertheless, respondent mother allowed him back into the home less than a week later. Petitioner thus established by a preponderance of the evidence that respondent mother neglected the two younger children by establishing that she knew or should have known that they were in imminent danger of being sexually abused by her boyfriend (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Dutchess County Dept. of Social Servs. v Donald W.,* 174 AD2d 741, 742 [1991]). After learning

of the sexual abuse of the oldest child and the attempted sexual abuse of the middle child, she refused to believe her children and continued her relationship with respondent boyfriend, allowing him to return to the home (*see Matter of Jennifer G.* [appeal No. 2], 261 AD2d 823 [1999]; *Matter of Elizabeth G.,* 255 AD2d 1010, 1012 [1998], *lv dismissed* 93 NY2d 848 [1999], *lv denied* 93 NY2d 814 [1999]). "By allowing her boyfriend to remain in the residence, respondent [mother] 'demonstrated a fundamental defect in [her] understanding of the duties and obligations of parenthood and created an atmosphere detrimental to the physical, mental and emotional well-being of [the two younger children]'" (*Jennifer G.,* 261 AD2d at 823; *see Matter of Commissioner of Social Servs. of City of N.Y. v Edyth W.,* 210 AD2d 328, 329 [1994]).

We therefore modify the order by adjudging the two younger children to be abused children in reference to respondent boyfriend and those two children to be neglected children in reference to respondent mother and as modified, we affirm. We remit the matter to Family Court, Monroe County, for a dispositional hearing. Present—Pigott, Jr., P.J., Green, Pine, Scudder and Hayes, JJ.