In the Matter of DERRICK C. and Others, Infants. JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEANNA G., Appellant. [859 NYS2d 855]—

Appeal from an order of the Family Court, Jefferson County (Richard V. Hunt, J.), entered June 4, 2007 in a proceeding pursuant to Family Court Act article 10. The order after a hearing, inter alia, adjudged that respondent neglected her son and derivatively neglected her two daughters and placed respondent under the supervision of petitioner.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to article 10 of the Family Court Act, respondent mother appeals from an order of fact-finding and disposition adjudging that she neglected her son and derivatively neglected her two daughters. The order also directed that the children be placed in the custody of their maternal grandparents for a period of up to one year, during which time the mother was placed under the supervision of petitioner. We reject the contention of the mother that she received ineffective assistance of counsel at the fact-finding hearing. "It is not the role of this Court to second-guess the attorney's tactics or trial strategy" (*Matter of Katherine D. v Lawrence D.*, 32 AD3d 1350, 1351-1352 [2006], *lv denied* 7 NY3d 717 [2006]) and, based on our review of the record, we conclude that the mother received meaningful representation (*see id.* at 1352).

Contrary to the mother's further contention, Family Court's findings of neglect and derivative neglect are supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). The testimony presented at the fact-finding hearing established that the mother continued to reside with the children's father and refused to believe that her son was sexually abused by his father, despite the fact that the father pleaded guilty to sexual abuse in the first degree based on an incident in which he touched her son's penis (*see Matter of A.R.*, 309 AD2d 1153, 1154-1155 [2003]; *Matter of Anita J.F.*, 267 AD2d 1044, 1045 [1999], *lv denied* 94 NY2d 762 [2000]; *Matter of Jennifer G.* [appeal No. 2], 261 AD2d 823 [1999]; *Matter of Elizabeth G.*, 255 AD2d 1010, 1012 [1998], *lv denied* 93 NY2d 814 [1999], *lv dismissed* 93 NY2d 848 [1999]). The findings of derivative neglect with respect to the mother's two daughters were proper because the mother thereby "demonstrated a fundamental defect in [her] understanding of the duties and obligations of parenthood and created an atmosphere detrimental to the physical, mental and emotional well-being of [her two daughters]" (*A.R.*, 309 AD2d at 1155 [internal quotation marks omitted]; *see also Matter of Alexis C.*, 27 AD3d 646, 647-648 [2006]).

Contrary to the contention of the mother, the requirement that she "acknowledge her role in the sexual abuse" of her son was a permissible condition of the mother's supervision (*see* Family Ct Act § 1057; 22 NYCRR 205.83 [b] [2], [7]). The terms and conditions of an order of supervision "need not necessarily relate to [a parent's] adjudicated acts or omissions" (*Matter of Baby Girl W.*, 245 AD2d 830, 832 [1997]). We note in any event

that the mother may satisfy that condition of her supervision by acknowledging that the sexual abuse occurred (*see Matter of Jesus JJ.*, 232 AD2d 752, 754 [1996], *lv denied* 89 NY2d 809 [1997]). Present—Hurlbutt, J.P., Martoche, Smith, Green and Pine, JJ.