■ In the Matter of BREANNA R. and Others, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIK R.,

Respondent. Charles D. Halvorsen, Esq., Law Guardian, Appellant. [876 NYS2d 829]—

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered July 30, 2008 in a proceeding pursuant to Family Court Act article 10. The order dismissed the petition.

It is hereby ordered that the order so appealed from is unanimously reversed on the law and facts without costs, the petition is granted, Breanna R. and Giovanna R. are found to be abused children as defined in Family Court Act § 1012 (e) (iii) and Giulianna R. is found to be a neglected child as defined in Family Court Act § 1012 (f) (i) (B), and the matter is remitted to Family Court, Erie County, for a dispositional hearing in accordance with the following memorandum: Petitioner commenced this proceeding alleging, inter alia, that respondent father sexually abused his three children. At the fact-finding hearing, petitioner presented evidence that the two oldest children made out-of-court statements to a child protective services (CPS) caseworker employed by petitioner and that one of those children also made similar statements to a clinical social worker who counseled those children. In addition, petitioner presented validation testimony from a licensed psychologist who investigated the allegations of sexual abuse, interviewed the two oldest children and the parents, consulted petitioner's records and conducted psychological testing of the parents. The psychologist testified that, based on his experience, the protocol for assessment of child sexual abuse and the results of the psychological testing, the two oldest children had been sexually abused by the father.

Family Court dismissed the petition. The court concluded that the validation testimony was not convincing, that the accounts of sexual abuse by the two oldest children were inconsistent, and that their knowledge of sexual matters could be attributed to factors other than sexual abuse by the father.

"Notwithstanding the deference that we must accord to the court's findings," we conclude that the out-of-court statements of the two oldest children describing incidents of sexual abuse by the father were sufficiently corroborated and that the record, viewed as a whole, supports a finding of abuse (*Matter of Heather P.*, 233 AD2d 912, 913 [1996]; *see generally Matter of Nicole V.*, 71 NY2d 112, 117-119 [1987]). We find that the disclosures of sexual abuse by those children were corroborated by the testimony of petitioner's validation expert (*see Matter of Elizabeth G.*, 255 AD2d 1010, 1011-1012 [1998], *lv dismissed* 93 NY2d 848 [1999], *lv denied* 93 NY2d 814 [1999]; *Matter of Jessica DD.*, 234 AD2d 785, 786 [1996], *lv denied* 89 NY2d 812 [1997]; *Heather P.*, 233 AD2d at 913), as well as the testimony of the CPS caseworker (*see Matter of Richard SS.*, 29 AD3d 1118, 1122-1123 [2006]). Contrary to the court's conclusion, moreover, we find that the testimony at the hearing was credible and persuasive. In addition, the allegations of sexual abuse were further corroborated by the fact that the two oldest children had age-inappropriate knowledge of sexual matters (*see Matter of Briana A.*, 50 AD3d 1560 [2008]), the cross-corroborating accounts of those children with respect to the details of the father's conduct and the setting for that conduct (*see Elizabeth G.*, 255 AD2d at 1012), and the behaviors exhibited by one of those children that were consistent with having been sexually abused (*see id.*; *Jessica DD.*, 234 AD2d at 786). We therefore conclude that a preponderance of the evidence at the hearing supports a finding of abuse with respect to the two oldest children and a derivative finding of neglect with respect to the youngest child (*see Matter of Joshua QQ.*, 290 AD2d 842, 843-844 [2002]; *Matter of New York City Dept. of Social Servs. v Carmen J.*, 209 AD2d 525, 527 [1994]). We remit the matter to Family Court for a dispositional hearing before a different judge. Present—Centra, J.P., Peradotto, Carni, Green and Pine, JJ.