◼ In the Matter of CHELSEY B., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL W., Appellant. (Appeal No. 1.) [932 NYS2d 744]—

Memorandum: Respondent father appeals from an order of fact-finding determining that his older daughter is a severely abused child and that his younger daughter is derivatively abused. We note at the outset that Family Court subsequently issued separate orders of "fact-finding and disposition" with respect to each child, and we therefore exercise our discretion to deem the father to have taken appeals from those orders (*see generally* Family Ct Act § 1112 [a]; *Matter of Ariel C.W.-H. [Christine W.]*, 89 AD3d 1438 [Nov. 10, 2011]).

We reject the father's contention in appeal No. 1 that the finding that his older daughter is a severely abused child is not supported by clear and convincing evidence (*see Matter of Perry T.K.*, 16 AD3d 687 [2005]; *see also* Family Ct Act § 1046 [b] [ii]).

It is axiomatic that the "determination of Family Court is entitled to great weight and should not be disturbed unless clearly unsupported by the record" (*Matter of Shardanae T.-L. [Bryan L.]*, 78 AD3d 1631 [2010] [internal quotation marks omitted]), and that is not the case here. Petitioner proved by clear and convincing evidence that the father committed felony sex offenses against his older daughter in violation of Penal Law § 130.35 (4) and § 130.50 (4) (*see* Social Services Law § 384-b [8] [a] [ii]). The older daughter's out-of-court statements to a school counselor and a nurse practitioner were sufficiently corroborated by medical evidence of sexual intercourse and the testimony of petitioner's validation expert (*see Matter of Breanna R.*, 61 AD3d 1338, 1340 [2009]). Furthermore, the court was entitled to draw the strongest possible inferences against the father " 'as may be supported by other evidence in the record' " based upon his failure to testify (*Matter of Jeffrey D.*, 233 AD2d 668, 670 [1996]; *see generally Matter of Anita J.F.*, 267 AD2d 1044 [1999], *lv denied* 94 NY2d 762 [2000]). We further conclude that the court's finding of derivative abuse in appeal No. 2 with respect to the father's younger daughter was proper (*see generally Breanna R.*, 61 AD3d at 1340; *Matter of Derrick C.*, 52 AD3d 1325, 1326 [2008], *lv denied* 11 NY3d 705 [2008]). Present—Scudder, P.J., Smith, Centra, Green and Gorski, JJ.