# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1070
CAF 10-01876
PRESENT: SCUDDER, P.J., SMITH, CENTRA, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF CHELSEY B.
-------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

MICHAEL W., RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

MEMORANDUM AND ORDER

---

CHARLES J. GREENBERG, BUFFALO, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

JENNIFER M. LORENZ, ATTORNEY FOR THE CHILD, LANCASTER, FOR CHELSEY B.

---

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered October 7, 2010 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined the subject child to be severely abused.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order of fact-finding determining that his older daughter is a severely abused child and that his younger daughter is derivatively abused. We note at the outset that Family Court subsequently issued separate orders of "fact-finding and disposition" with respect to each child, and we therefore exercise our discretion to deem the father to have taken appeals from those orders (*see generally* Family Ct Act § 1112 [a]; *Matter of Ariel C.W.-H.*, ___ AD3d ___ [Nov. 10, 2011]).

We reject the father's contention in appeal No. 1 that the finding that his older daughter is a severely abused child is not supported by clear and convincing evidence (*see Matter of Perry T.K.*, 16 AD3d 687; *see also* Family Ct Act § 1046 [b] [ii]). It is axiomatic that the "determination of Family Court is entitled to great weight and should not be disturbed unless clearly unsupported by the record" (*Matter of Shardanae T.-L.*, 78 AD3d 1631 [internal quotation marks omitted]), and that is not the case here. Petitioner proved by clear and convincing evidence that the father committed felony sex offenses against his older daughter in violation of Penal Law § 130.35 (4) and § 130.50 (4) (*see* Social Services Law § 384-b [8] [a] [ii]). The older daughter's out-of-court statements to a school counselor and a nurse practitioner were sufficiently corroborated by medical evidence

of sexual intercourse and the testimony of petitioner's validation expert (*see Matter of Breanna R.*, 61 AD3d 1338, 1340).  Furthermore, the court was entitled to draw the strongest possible inferences against the father " 'as may be supported by other evidence in the record' " based upon his failure to testify (*Matter of Jeffrey D.*, 233 AD2d 668, 670; *see generally Matter of Anita J.F.*, 267 AD2d 1044, *lv denied* 94 NY2d 762).  We further conclude that the court's finding of derivative abuse in appeal No. 2 with respect to the father's younger daughter was proper (*see generally Breanna R.*, 61 AD3d at 1340; *Matter of Derrick C.*, 52 AD3d 1325, 1326, *lv denied* 11 NY3d 705).

Entered:  November 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court