# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

56

**CAF 10-01802**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF MIRANDA F., BRANDY D. AND
NICOLE D.

-------------------------------------------     MEMORANDUM AND ORDER

CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL
SERVICES, PETITIONER-RESPONDENT;

KEVIN D., RESPONDENT-APPELLANT.

---

SCHAVON R. MORGAN, MACHIAS, FOR RESPONDENT-APPELLANT.

STEPHEN J. RILEY, OLEAN, FOR PETITIONER-RESPONDENT.

EMILY A. VELLA, ATTORNEY FOR THE CHILD, SPRINGVILLE, FOR MIRANDA F.

BERT R. DOHL, ATTORNEY FOR THE CHILDREN, SALAMANCA, FOR BRANDY D. AND
NICOLE D.

---

Appeal from a reamended order of the Family Court, Cattaraugus
County (Larry M. Himelein, J.), entered August 19, 2010 in a
proceeding pursuant to Family Court Act article 10. The reamended
order adjudicated the subject children abused.

It is hereby ORDERED that the reamended order so appealed from is
unanimously modified on the law by denying those parts of the motion
with respect to respondent's two biological daughters and as modified
the reamended order is affirmed without costs, and the matter is
remitted to Family Court, Cattaraugus County, for further proceedings
on the petition with respect to the biological daughters.

Memorandum: In these consolidated abuse proceedings pursuant to
article 10 of the Family Court Act, respondent father appeals from a
"re-amended" order granting petitioner's motion for summary judgment
and adjudging that the father abused his stepdaughter by having raped
her, and that he derivatively abused his two biological daughters. As
a preliminary matter, we reject the contention of the Attorney for the
Child representing the stepdaughter that the appeal should be
dismissed insofar as it concerns the stepdaughter based on the
father's failure to serve that Attorney for the Child with the notice
of appeal. Because the Attorney for the Child representing the
stepdaughter filed a timely brief and appeared in this Court for oral
argument of the appeal, we excuse the defect in service "and treat the
appeal as timely taken pursuant to CPLR 5520 (a)" (*Matter of Nicole
J.R. v Jason M.R.*, 81 AD3d 1450, 1451, *lv denied* 17 NY3d 701; *see
Dalton v City of Saratoga Springs*, 12 AD3d 899, 899-900).

With respect to the merits, petitioner correctly conceded at oral argument on this appeal that Family Court erred in granting those parts of the motion with respect to the father's biological daughters, inasmuch as petitioner failed to submit the requisite evidence of derivative abuse in support of its motion for summary judgment with respect to them (*see generally Matter of Suzanne RR.*, 35 AD3d 1012, 1012-1013). Indeed, "evidence of the sexual abuse of one child, standing alone, does not, ipso facto, establish a prima facie case of derivative abuse or neglect against others" (*Matter of Amanda LL.*, 195 AD2d 708, 709), and petitioner set forth in support of its motion only that the stepdaughter was abused and did not otherwise provide evidence of derivative abuse. We note in any event that the biological daughters are subject to a separate neglect order issued against the father. We therefore modify the reamended order accordingly.

We reject the father's contention, however, that the court erred in granting the motion with respect to his stepdaughter. Before petitioner made the instant summary judgment motion, the father had been convicted following a jury trial in County Court of, inter alia, rape in the third degree with respect to his stepdaughter (Penal Law § 130.25 [2]). It is well settled that evidence that a parent has been convicted of having raped or sexually abused a child is sufficient to support a finding of abuse of that child within the meaning of the Family Court Act (*see* § 1012 [e] [iii]; *Matter of Doe*, 47 AD3d 283, 285, *lv denied* 10 NY3d 709). Although petitioner in support of the motion failed to submit nonhearsay evidence establishing that the father had been convicted of the rape in question, the judge in Family Court who decided the motion was the same judge who presided over the criminal trial in County Court and thus was able to take judicial notice that the father had been found guilty of raping the stepdaughter (*see Matter of A.R.*, 309 AD2d 1153).

Entered: January 31, 2012                                    Frances E. Cafarell
                                                             Clerk of the Court