# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**75**

**CAF 12-00440**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF BRITTANY W., STEPHAEN W.,
MICHAEL W., KARA W. AND JUSTIN W.
---------------------------------------------      MEMORANDUM AND ORDER
NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

PATRICK W., RESPONDENT-APPELLANT,
AND KAREN W., RESPONDENT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (MARY-JEAN BOWMAN OF COUNSEL), FOR RESPONDENT-APPELLANT.

LAURA WAGNER, LOCKPORT, FOR PETITIONER-RESPONDENT.

DEBORAH A. WALKER-DEWITT, ATTORNEY FOR THE CHILDREN, LOCKPORT, FOR BRITTANY W., STEPHAEN W., MICHAEL W., KARA W. AND JUSTIN W.

---

Appeal from an order of the Family Court, Niagara County (John F. Batt, J.), entered February 16, 2012 in a proceeding pursuant to Family Court Act article 10. The order, among other things, found that respondent Patrick W. neglected two of his children and derivatively neglected three others.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order finding that he neglected his two children and derivatively neglected three others. Contrary to the father's contention, the out-of-court statements of his two children were sufficiently corroborated by their "cross statements," the photographic evidence of their injuries, and the caseworker's testimony (*Matter of Frank Y.*, 11 AD3d 740, 742 [internal quotation marks omitted]; *see* Family Ct Act § 1046 [a] [vi]). "Moreover, [Family Court] properly drew 'the strongest possible negative inference' against the father after he failed to testify at the fact-finding hearing" (*Matter of Kennedie M. [Douglas M.]*, 89 AD3d 1544, 1545, *lv denied* 18 NY3d 808). We therefore conclude that the court's finding of neglect was justified on this record, as was its finding of derivative neglect with respect to the other three children (*see Matter of Steven L.*, 28 AD3d 1093, 1093, *lv denied* 7 NY3d 706). We reject the father's further contention that the court improperly admitted testimony and other evidence regarding an order of protection that he contends was not in effect, inasmuch as the record does not substantiate his claim that the order at issue was not actually in

effect. In any event, the evidence relating to that order of protection was not material to the court's ultimate finding of neglect, and any error in its admission is thus harmless (*see Matter of A.R.*, 309 AD2d 1153, 1153; *see also Matter of Shirley v Shirley*, 101 AD3d 1391, ___; *Matter of Anjoulic J.*, 18 AD3d 984, 986-987).