Of Doe 44 v Erik P.R. (2022 NY Slip Op 04839)

Of Doe 44 v Erik P.R.

2022 NY Slip Op 04839

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

337 CA 21-01338

[*1]OF DOE 44, PLAINTIFF-RESPONDENT,
v
ERIK P.R., DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

BONARIGO & MCCUTCHEON, BATAVIA (KRISTIE L. DEFREZE OF COUNSEL), FOR DEFENDANT-APPELLANT.
O'BRIEN & FORD, P.C., BUFFALO (CHRISTOPHER J. O'BRIEN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered April 28, 2021. The order granted plaintiff's motion for partial summary judgment on liability. 
It is hereby ORDERED that the order so appealed from is reversed on the law without costs and the motion is denied.
Memorandum: Plaintiffs commenced these actions under the Child Victims Act (see CPLR 214-g) seeking damages as a result of defendant's alleged sexual abuse of them from "2003 to February 2006." Plaintiffs thereafter moved for partial summary judgment on liability, contending that our determination in a prior Family Court Act article 10 proceeding (Matter of Breanna R., 61 AD3d 1338, 1339 [4th Dept 2009]) collaterally estopped defendant "from now attempting to dispute the sexual abuse of [each] [p]laintiff." Supreme Court granted the motions, thereby awarding judgment to plaintiffs even though they have never testified under oath regarding their allegations against defendant. We agree with defendant in both appeals that the court erred in granting the motions.
"Collateral estoppel prevents a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . whether or not the . . . causes of action are the same . . . The doctrine applies only where the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the party who is being estopped had a full and fair opportunity to litigate the issue in the earlier action" (Simmons v Trans Express Inc., 37 NY3d 107, 112 [2021] [internal quotation marks and emphasis omitted]).
Here, although the burden of proof for both the Family Court proceeding and these personal injury actions is the same, i.e., preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; Matter of Crystal S. [Patrick P.], 193 AD3d 1353, 1354 [4th Dept 2021]; Matter of M.C. v State of New York, 74 Misc 3d 682, 692 n 7 [Ct Cl 2022]; Doe v MacFarland, 66 Misc 3d 604, 622 [Sup Ct, Rockland County 2019]), hearsay evidence that was admissible in the underlying Family Court proceeding would not be admissible in the instant personal injury actions (see § 1046 [a] [vi]; see generally Johnson v Lutz, 253 NY 124, 128 [1930]). Inasmuch as our determination in the prior Family Court proceeding was based largely on hearsay evidence that would not be admissible in these civil actions, we agree with defendant that he should not be collaterally estopped from defending these actions and that the court erred in granting plaintiffs' motions for partial summary judgment on liability. We therefore reverse the order in each appeal.
All concur except Bannister, J., who dissents and votes to affirm in the following memorandum: I respectfully dissent because, in my view, this Court's prior determination in the [*2]Family Court Act article 10 proceeding in question (Matter of Breanna R., 61 AD3d 1338, 1340 [4th Dept 2009]) should be given collateral estoppel effect in these actions brought under the Child Victims Act (see CPLR 214-g). As the majority recognizes, the collateral estoppel doctrine gives conclusive effect to prior determinations when certain conditions are met. As relevant here, there must be "an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and there must have been a full and fair opportunity to contest the decision now said to be controlling" (Buechel v Bain, 97 NY2d 295, 303-304 [2001]). The burden rests upon the proponent of collateral estoppel to demonstrate the identicality of the issue, while the burden rests upon the opponent to establish the absence of a full and fair opportunity to litigate the issue in the prior action or proceeding (see Matter of Dunn, 24 NY3d 699, 704 [2015]; Ryan v New York Tel. Co., 62 NY2d 494, 501 [1984]).
Here, there is no dispute that the parties are the same in both the prior Family Court proceeding and the instant actions and that the central issue in the prior proceeding and these actions is identical, i.e., whether defendant sexually abused plaintiffs. Thus, the question in both appeals then becomes whether defendant met his burden of establishing that he did not have a full and fair opportunity to litigate the issue of his alleged abuse in the Family Court proceeding.
A determination whether the first action or proceeding genuinely provided a full and fair opportunity to litigate requires consideration of "the realities of the [prior] litigation, including the context and other circumstances which . . . may have had the practical effect of discouraging or deterring a party from fully litigating the determination which is now asserted against him" (People v Plevy, 52 NY2d 58, 65 [1980] [internal quotation marks omitted]). Among the specific factors to be considered are the nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of litigation, the competence and expertise of counsel, the availability of new evidence, the differences in the applicable law, and the foreseeability of future litigation (see Gilberg v Barbieri, 53 NY2d 285, 292 [1981]; Schwartz v Public Adm'r of County of Bronx, 24 NY2d 65, 72 [1969]).
Here, the majority recognizes that the burden of proof was the same in the Family Court proceeding and the instant actions. Additionally, it does not appear to be disputed that defendant had an incentive to fully litigate the Family Court proceeding. Indeed, an adverse determination in that proceeding could have, among other things, constituted a basis to terminate his parental rights in a subsequent proceeding. Contrary to the majority's view, in my view, the differences in the form of the proceeding and these actions were not significant. The fact-finding hearing held in the Family Court proceeding involved testimony from a child protective services (CPS) caseworker, a licensed clinical social worker, and an expert clinical psychologist, all of whom were subject to cross-examination by defendant. While the majority takes issue with the fact that the testimony of those witnesses involved in some way the hearsay statements of plaintiffs regarding the sexual abuse, those hearsay statements were required to be reliably corroborated, and the record as a whole needed to support a finding of abuse in the Family Court proceeding (see Family Ct Act § 1046 [a] [vi]; Matter of Nicole V., 71 NY2d 112, 118-119 [1987], rearg denied 71 NY2d 890 [1988]). Furthermore, other evidence besides the hearsay statements was provided at the fact-finding hearing, including the testimony from the CPS caseworker about her own investigation and her finding of credible evidence to support the report of sexual abuse, which included evidence that plaintiffs, who were children at the time of the hearing, possessed age-inappropriate knowledge of sexual conduct.
Finally, I note that it is well settled that determinations rendered by quasi-judicial administrative agencies will qualify for collateral estoppel effect (see Auqui v Seven Thirty One Ltd. Partnership, 22 NY3d 246, 255 [2013]; Jeffreys v Griffin, 1 NY3d 34, 39 [2003]), so long as the requirements of the doctrine are satisfied. Indeed, determinations of the Workers' Compensation Board are within the scope of the doctrine (see Szymkowiak v New York Power Auth., 203 AD3d 1618, 1620-1621 [4th Dept 2022]) and, as with a Family Court Act article 10 proceeding, hearsay evidence is permissible in a workers' compensation hearing so long as it is corroborated or found to be otherwise sufficiently reliable (see Matter of Pugliese v Remington Arms, 293 AD2d 897, 897-898 [3d Dept 2002]). I see no reason why we should not apply the doctrine to Family Court proceedings.
Thus, in my view, defendant failed to meet his burden in each action of establishing that he did not have a full and fair opportunity to defend the allegations of sexual abuse in the prior [*3]Family Court proceeding. I would therefore affirm Supreme Court's orders in both appeals granting plaintiffs' motions for partial summary judgment on liability inasmuch as defendant is barred by the doctrine of collateral estoppel from disputing his sexual abuse of plaintiffs.
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court